The **NATIONAL MUTUAL INSURANCE CO., Appellant–Garnishee Defendant,**

v.

**Leann SPARKS, Appellee–Plaintiff,**

and

**Alice Fay Giltz, Appellee–Defendant.**

No. 11A01–9410–CV–331.

Court of Appeals of Indiana,
First District.

March 3, 1995.

Rehearing Denied May 24, 1995.

John Christopher Wall, William W. Drummy, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, Keith L. Faber, Celina, OH, for appellant.

Stephen L. Williams, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellees.

Alice Fay Giltz, pro se.

## OPINION

ROBERTSON, Judge.

The National Mutual Insurance Company appeals the order of garnishment entered in favor of its insured, Leann Sparks, in the amount of $100,000.00 in these proceedings supplemental brought by Sparks to enforce a judgment against the judgment-debtor, Alice Fay Giltz. National raises four issues, but because one requires reversal, we address it only. Restated it is:

> Whether Sparks may use proceedings supplemental against her own insurer, who was not a party to the underlying litigation, to enforce a judgment against a judgment-debtor to whom National owes no obligation?

## FACTS

The undisputed, dispositive facts reveal that Sparks had an automobile insurance policy with National with uninsured motorist coverage with policy limits of $100,000.00. Sparks was involved in an automobile accident with Giltz, an uninsured motorist. Sparks brought the instant lawsuit against Giltz and ultimately was awarded a judgment against Giltz in excess of the $100,000.00 policy limits.

Sparks then brought the instant proceedings supplemental against National, as a garnishee-defendant, to enforce its judgment against Giltz. National attempted to resist the present proceedings on the basis addressed in this appeal arguing that Sparks' insurance policy was not subject to garnishment to satisfy the judgment against Giltz. National also asserted that Sparks' breach of various obligations owed National under the policy excluded coverage. The trial court granted the garnishment order and this appeal ensued.

## DECISION

▮ Under Ind.Trial Rule 69(E), proceedings supplemental are initiated by verified motion under the same cause number in the same court which entered judgment against the defendant. *Kirk v. Monroe County Tire* (1992), Ind.App., 585 N.E.2d 1366. Proceedings supplemental are a con-

tinuation of the original cause of action and are not a new and independent civil action. *Id.* "[P]roceedings supplemental are merely a continuation of the *underlying claim* on the merits." *Koors v. Great Southwest Fire Insurance Co.* (1989), Ind.App., 538 N.E.2d 259, 260 (Emphasis in the original). Under Indiana law, the only issue presented in proceedings supplemental is that of affording the judgment-creditor relief to which she is entitled under the terms of the judgment. *Matter of U.S. Marketing Concepts, Inc.* (Bkrtcy.N.D.Ind.1990), 113 B.R. 487.

Proceedings supplemental are summary in nature. Ind.Code 34–1–44–8; *Reuter v. Monroe* (1942), 110 Ind.App. 664, 40 N.E.2d 371. The judgment-debtor in proceedings supplemental is not afforded all the due process protections ordinarily afforded to civil defendants because the claim has been determined to be a justly owed debt and reduced to a judgment. *Sandler v. Gilliland* (1993), Ind.App., 605 N.E.2d 1174, 1178, *trans. denied.*

In the event a person is named as a garnishee, the motion must allege that the "garnishee has or will have specified or unspecified nonexempt *property of, or an obligation owing to the judgment debtor* which will be subject to execution or proceedings supplemental to execution, . . .". T.R. 69(E) (Emphasis supplied). Property in which the judgment-debtor has no present interest may not be subjected to garnishment. *Browning & Herdrich Oil Co., Inc. v. Hall* (1986), Ind.App., 489 N.E.2d 988. A judgment attaches only to the extent that the judgment-debtor has an interest in the property sought to be attached. *Id.* Indiana law allows collection only against named judgment-debtor and those the debtor could have pursued themselves. *Supporters to Oppose Pollution v. Heritage Group [StOP]* (7th Cir.1992), 973 F.2d 1320, 1327. The *StOP* court pointed out that:

> There is a big difference between (i) whom you may get a judgment against by pleading and proving the right things, and (ii) whom you may enforce a judgment against.

973 F.2d at 1327. The *StOP* court, applying Indiana law, held that a judgment could not be enforced against a nonparty just because, had the case proceeded differently, a judgment could have been obtained against that person. *Id.* at 1328.

The present dispute between Sparks and National is an insured/insurer contract dispute based on the insurance policy. The appropriate procedure for an insured or an insurer to litigate contractual rights under an insurance policy is an action for declaratory judgment under Ind.Code 34–4–10–1. *Miller v. Dilts* (1984), Ind., 463 N.E.2d 257; *Shelter Mutual Insurance Company v. Barron* (1993), Ind.App., 615 N.E.2d 503, *trans. denied; Stewart v. Walker* (1992), Ind.App., 597 N.E.2d 368. When a declaratory judgment proceeding involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions. I.C. 34–4–10–9.

National was not a party to the underlying lawsuit. The judgment-debtor, Giltz, has no interest in the National insurance policy in question. Therefore, the National insurance policy in question could not properly be garnished in the present proceedings supplemental and we must reverse.

Judgment reversed.

NAJAM and FRIEDLANDER, JJ., concur.