**ALLSTATE INSURANCE COMPANY,**
**Appellant–Defendant,**

v.

**Jason AXSOM, As Assignee of Larry Link, Appellee–Plaintiff.**

**No. 54A05–9704–CV–124.**

Court of Appeals of Indiana.

July 15, 1998.

·Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, for Appellant–Defendant.

Elizabeth A. Justice, Wernle, Ristine & Ayers, Crawfordsville, for Appellee–Plaintiff.

RUCKER, Judge.

This is an interlocutory appeal from the trial court's ruling on a motion to dismiss. We address the following restated issue: where a party assigns its right to pursue a claim for failure to settle in good faith, are the punitive damages and attorney's fees requested as a part of the claim also assignable.

The essential facts are these. On October 11, 1991 Larry Link ("Link") and Jason Axsom ("Axsom") were involved in an automobile/motorcycle collision. Axsom sustained serious injuries and filed suit against Link alleging that Link's negligence caused Axsom's injuries. Link was insured by Allstate Insurance Company (Allstate) and his insurance policy had a limit of $50,000.00. The case proceeded to trial with Allstate providing Link's defense. Before the jury began to deliberate Axsom offered to settle the case for policy limits. Allstate rejected the offer. Ultimately the matter was submitted to the jury which returned a verdict in Axsom's favor in the amount of $80,500.00. The verdict exceeded Link's policy limits by $30,500.00. Thereafter Link assigned to Axsom any rights Link may have had to pursue an action against Allstate. In turn Axsom filed a compliant giving rise to the instant litigation alleging Allstate acted in bad faith in refusing to settle the claim within policy limits. In addition to the amount of the excess judgment the complaint also sought punitive damages and attorney's fees. Allstate responded to the complaint by filing a motion to dismiss under the provisions of Ind. Trial Rule 12(B)(6) alleging the complaint failed to state a claim upon which relief could be granted. More specifically Allstate alleged that Axsom was entitled neither to punitive damages nor attorney's fees. After conducting a hearing the trial court granted the motion with respect to attorney's fees but denied the motion with respect to punitive damages. Allstate perfected this interlocutory appeal contending the trial court erred in denying the motion with respect to puni-

tive damages. Axsom cross-appeals alleging the trial court erred in granting the motion with respect to attorney's fees.

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court accepts as true the facts alleged in the complaint. *Hudgins v. McAtee*, 596 N.E.2d 286, 288 (Ind.Ct.App.1992). All reasonable inferences from the alleged facts must also be drawn in the complainant's favor. *Myers v. Moyars*, 667 N.E.2d 1120 (Ind.Ct.App.1996), *trans. denied*. Dismissal of a complaint is proper only when it appears that the claimant would not be entitled to recover under any set of facts represented by the pleadings. *Union Fed. Sav. Bank v. Chantilly Farms, Inc.*, 556 N.E.2d 9, 11 (Ind.Ct.App.1990).

Allstate contends the trial court erred in denying its motion to dismiss with respect to Axsom's claim for punitive damages. According to Allstate the right to collect punitive damages is personal in nature and therefore not assignable.

In addition to any excess judgment, an insurer who fails to settle a claim in good faith may be liable also for punitive damages. *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 520 (Ind.1993) ("the recognition of an independent tort for the breach of the insurer's obligation to exercise good faith provides the tort upon which punitive damages may be based."). Such conduct must rise to the level of an independent tort ant not merely be of a "tort-like" nature. *Miller Brewing v. Best Beers*, 608 N.E.2d 975, 984 (Ind.1993). In some circumstances a claim for an insurer's bad faith failure to settle also may be assigned. *See Economy Fire & Cas. Co. v. Collins*, 643 N.E.2d 382, 386 (Ind.Ct. App.1994), *trans. denied*.[1] Whether one may assign to a third party the punitive damages portion of a claim for failure to settle in good faith is an issue of first impression in this

---

1. We observe that *Economy Fire & Cas.* involved a breach of contract action filed by an insured against his insurer while in this case we are presented with the tort of bad faith failure to settle. Neither Axsom nor Allstate discusses in their briefs whether a tort action for an insurer's bad faith failure to settle is assignable. We reserve for another day a detailed discussion of this issue. For the sake of argument we assume its assignability.

state and an issue that few states have examined.[2]

■ In Indiana a prerequisite to an award of punitive damages is an award of actual damages. *Bright v. Kuehl,* 650 N.E.2d 311, 317 (Ind.Ct.App.1995), *trans. denied.* Punitive damages are therefore not freestanding. Rather they are merely a remedy, not a separate chose in action. Here, the award by the jury of $30,500 in excess of Link's $50,000 policy limit are the actual damages upon which an award of punitive damages may be based. Any punitive damages which may be awarded would be in addition to actual damages and could not be awarded exclusively. Punitive damages are an additional remedy whose "award is a matter of discretion with the fact finder." *Continental Cas. Co. v. Novy,* 437 N.E.2d 1338, 1357 (Ind.Ct.App.1982).

■ Allstate relies on authority from this and other jurisdictions standing for the general proposition that torts for personal injuries and for wrongs done to the person, reputation, or feelings of the injured party remain unassignable. *See, e.g., Picadilly, Inc. v. Raikos,* 582 N.E.2d 338, 340 (Ind. 1991). " '[F]ew legal principles are as well settled ... as the rule that the common law does not permit assignment of causes of action to recover for personal injuries.' " *Id.* (*quoting Assignability of Claim for Personal Injury or Death,* 40 A.L.R.2d 500, 502 (1955)). While nonassignability of personal tort claims is the law in Indiana, the judgment against Link represents injury to Link's property, not his person. That is, the entry of judgment against an insured constitutes actual damage to the insured because it impairs his credit, places a cloud on the title of his estate, and impairs his ability to apply for loans. *Economy Fire & Cas. Co.,* 643 N.E.2d at 385. We agree with the reasoning

of the Court of Appeals of Arizona which stated that the:

> third party's claim is in reality the insured's claim, but the third party cannot recover damages personally suffered by the insured such as pain and suffering, embarrassment, mental anguish and humiliation. The assignee can only recover the insured's pecuniary losses. If the pecuniary damages (the excess judgment) are the result of conduct entitling a party to punitive damages, we find nothing in the law or public policy prohibiting a third party from asserting that claim. *Oppel v. Empire Mutual Insurance Co.,* 517 F.Supp. 1305, 1307 (S.D.N.Y.1981).

*Clearwater v. State Farm Mut. Auto. Ins.,* 161 Ariz. 590, 780 P.2d 423, 427 (Ariz.Ct.App. 1989), *vacated in part,* 164 Ariz. 256, 792 P.2d 719 (1990). Since September 28, 1994 when the judgment against Link was rendered, Link has been a judgment debtor and his property subject to execution. If the excess judgment and resulting injury to Link's property is the consequence of oppressive, i.e. tortious, conduct by Allstate, then punitive damages, the remedy for such conduct, should also be assignable. This is consistent with the Indiana view that the types of torts which may not be assigned have become so narrow that nonassignability of tort actions is now the exception while assignability is the general rule. *Picadilly, Inc.,* 582 N.E.2d at 340.

Punitive damages and actual damages also serve two distinctive purposes. Actual damages are meant to compensate a victim for harm suffered by him. *Decatur County AG–Services, Inc. v. Young,* 426 N.E.2d 644, 646 (Ind.1981). On the other hand punitive damages serve a more universal purpose than actual damages by punishing the wrong doer and deterring others from engaging in like conduct. *Bright,* 650 N.E.2d at 316. We also find the logic of the Court of Appeals of

2. *See, e.g., Clearwater v. State Farm Mutual Automobile Ins. Co.,* 161 Ariz. 590, 780 P.2d 423 (Ariz.Ct.App.1989), *vacated in part,* 164 Ariz. 256, 792 P.2d 719 (1990) (finding punitive damages for insurer's bad faith failure to settle assignable because such damages are not purely personal to assignor but are assessed to deter insurance companies' abuses in litigation); *Oppel v. Empire Mutual Ins. Co.,* 517 F.Supp. 1305 (S.D.N.Y.

1981) (stating that punitive damages in a case of bad faith failure to settle are assignable although evidence must be extraordinary); *But see, e.g., Murphy v. Allstate Ins. Co.,* 17 Cal.3d 937, 132 Cal.Rptr. 424, 553 P.2d 584 (1976) (determining that punitive damages were not assignable because a portion of actual damages suffered in a bad faith claim are personal in nature).

Arizona persuasive with respect to the deterrent effect punitive damages have when insurance companies fail to settle in good faith:

> In contractual relationships in which one party primarily has sought protection or security rather than profit or advantage, contract damages not only fail to provide adequate compensation but also fail to provide a substantial deterrence against breach by the party who derives a commercial benefit from the relationship.

> . . . .

> If the only damages an insurer will have to pay upon a judgment of breach are the amounts that it would have owed under the policy plus interest, it has every interest in retaining the money, earning the higher rates of interest on the outside market, and hoping eventually to force the insured into a settlement for less than the policy amount.

> . . . .

> In short the effect of the assignment is to relieve the insurance company of the liability for damages of a personal nature suffered by its insured, but still make it responsible for the pecuniary and punitive damages caused by its wrongful conduct.

*Clearwater,* 780 P.2d at 426–27. Thus, allowing an assignment of punitive damages would force insurance companies to deal in good faith with their insureds as opposed to unreasonably exposing them to personal liability if a jury were to return a verdict in excess of policy limits. For the foregoing reasons we find that the trial court properly allowed the assignment of punitive damages from Link to Axsom.

 On cross appeal Axsom contends that the trial court erred in dismissing his claim for attorney's fees. Specifically, Axsom argues that Allstate's refusal to settle constitutes bad faith behavior and that Axsom, as Link's assignee, should be allowed to recover. We disagree. In Indiana the general rule is that each party to litigation pays his own attorney's fees. *Kikkert v. Krumm,*

474 N.E.2d 503, 504–05 (Ind.1985). Furthermore, attorney's fees are not allowable in the absence of statute or agreement of the parties. *Id.* at 505. Indiana Code § 34–1–32–1(b) provides:

> In any civil action, the Court may award attorney's fees as part of the costs to the prevailing party, if it finds that either party:
>
> (1) Brought the action or defense on a claim or defense that is frivolous, unreasonable or groundless
>
> (2) Continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless, or
>
> (3) Litigated the action in bad faith.

 Because there was no agreement between the parties, Link had to be a prevailing party in the previous litigation in order to recover attorney's fees. A "prevailing party" is defined as a party who successfully prosecutes his claim or asserts his defense. *Strutz v. McNagny,* 558 N.E.2d 1103, 1110 (Ind.Ct.App.1990), *trans. denied.* At the end of the underlying litigation, the jury returned a verdict in favor of Axsom, not Link. Link assigned any rights he had against Allstate to Axsom, and Axsom stands in Link's shoes with respect to Allstate. Because Link did not successfully defend his claim against Axsom, Axsom cannot as Link's assignee assert a claim for attorney's fees with respect to the underlying litigation. However this does not preclude an award of attorney's fees in the present litigation if the requirements of Ind. Code § 34–1–32–1(b) are met. Thus, we find no error.

Judgment affirmed.

DARDEN and SULLIVAN, JJ., concur.