**William and Janis WASHBURN,**
**Appellants–Defendants,**

v.

**TIPPECANOE COUNTY OFFICE OF**
**FAMILY AND CHILDREN,**
**Appellee–Plaintiff.**

**No. 79A04–9910–JV–457.**

Court of Appeals of Indiana.

April 5, 2000.

---

Timothy P. Broden, Broden & Miller, Lafayette, Indiana, Attorney for Appellants.

Keith R. Fafarman, Gambs Mucker & Bauman, Lafayette, Indiana, Attorney for Appellee.

## OPINION

GARRARD, Senior Judge

### STATEMENT OF THE CASE

William and Janis Washburn ("Parents") appeal the denial of their motion to dismiss proceedings supplemental to execution initiated by the Tippecanoe County Office of Family and Children ("OFC"). We reverse and remand.

### ISSUE

Parents raise the sole issue of whether the trial court should have dismissed OFC's proceedings supplemental motion because OFC held no judgment susceptible of execution against Parents.

### FACTS AND PROCEDURAL HISTORY

On July 28, 1994, Parents' child D.W. was adjudicated a delinquent child. Home detention was unsuccessful and D.W. was placed at the Arizona Boys Ranch. On February 7, 1995, OFC filed a petition for parental participation seeking reimbursement of costs of D.W.'s placement "in an amount consistent with Indiana Child Support Guidelines." Record at 37. The juvenile court approved the parties' agreement which provided for an aggregate parental contribution of $40.00 per week commencing on March 17, 1995.

On September 2, 1997, the juvenile court heard evidence in a "final reimbursement hearing" and issued an order directing D.W. to comply with terms of unsupervised probation.[1] The order further provided:

> Additional testimony is submitted from William Washburn indicating that he is employed at Indiana packers earning a salary of $3300.00 per month and that Janis Washburn is employed at Ivy Tech working 8 hours per week at $18.50 per hour; and that the family has outstanding medical and hospital bills of $550.00 as of this date; that there are no other dependents at home besides [D.W.].
>
> Court finds the County has expended on behalf of [D.W.] the sum of $97,651.48 and that the parents have paid as reimbursement through today's date the total sum of $4,560.00. Issue of final reimbursement is taken under advisement.

Record at 17.

On September 3, 1997, the juvenile court entered an order providing in pertinent part:

> Court finds that the Tippecanoe County Office of Family and Children has expended the sum of $93,091.48 through September 2, 1997 and there are no ongoing services at this time. Court modifies the previous reimbursement order effective October 1997 as follows: commencing said month and each month thereafter until further order of the Court William and Janis Washburn are jointly and severally responsible for payment to the Tippecanoe County Clerk for remittance to the Tippecanoe County Office of Family and Children the sum of $500.00 as reimbursement for services provided by the County to their son.

Record at 41.

On June 30, 1998, Parents filed a Praecipe and the juvenile court responded on July 2, 1998:

> Court herein enters the following entry/explanation for purposes of the Clerk responding to the praecipe filed by William and Janis Washburn on June

---

1. At the time of the hearing, D.W. was 17 years and 9 months old.

30, 1998: On September 2, 1997, this Court conducted a final reimbursement hearing as to the child, [D.W.], and his parents, William and Janis Washburn. Testimony was submitted both as to expenses and income. On September 3, 1997, this Court entered a final order of reimbursement, finding the County had expended $93,091.48 through September 2, 1997 and that there were no on-going services and ordering that commencing October 19, 1997 that William and Janis Washburn be jointly and severally responsible for payment to the Tippecanoe County Clerk for remittance to the Office of Family and Children the sum of $500.00 as reimbursement for services provided by the County to their son. Court believe [sic] Motion For Total and Final Reimbursement hearing filed by the parents March 11, 1998 was a repetitive motion under Trial Rule 53.4, in that a final reimbursement order had previously been entered on September 3, 1997 and that therefore no ruling on said motion was required and that said motion was deemed denied by the Court's failure to rule within 5 days.

Record at 48.

Parents subsequently paid $500.00 to the Tippecanoe County Clerk. On February 1, 1999, OFC filed a Motion for Proceedings Supplemental against Parents. The petition alleged that OFC owns a judgment "for the partial reimbursement of expenses in the sum of $93,091.48." Parents moved to dismiss the petition, denying that OFC held an enforceable judgment. The juvenile court denied Parents' motion, conducted proceedings supplemental and entered garnishment orders against Parents (stayed pending payment of $600.00 per month pursuant to the parties' proceedings supplemental agreement). This appeal ensued.

## DISCUSSION AND DECISION

■ Parents claim that the juvenile court entered a series of inconsistent "findings" as to their reimbursement obligation, but that the "findings" and subsequent "explanation" do not equate to an enforceable judgment in compliance with Ind. Trial Rule 58. We agree.

■ Proceedings supplemental to execution are a continuation of an underlying claim. Ind. Trial Rule 69(E). The proceedings are a nullity absent a valid judgment. *Koors v. Great Southwest Fire Insurance,* 538 N.E.2d 259 (Ind.Ct.App. 1989). *See, also, Hermitage Ins. Co. v. Salts,* 698 N.E.2d 856, 858–859 (Ind.Ct. App.1998).

T.R. 58 requires that a judgment, other than a small claims judgment, shall contain, among other elements, "a statement in imperative form which clearly and concisely sets forth the relief granted, any alteration of status, any right declared, or any act to be done or not done."

OFC petitioned for parental reimbursement of D.W.'s placement expenses "consistent with Indiana Child Support Guidelines." [2] The court's responses neither definitively established Parents' obligation nor awarded OFC a judgment of an ascertainable amount. Indeed, OFC was unable to specify in proceedings supplemental the amount of "partial reimbursement" ostensibly due.

---

**2.** On February 2, 1995, the date that the juvenile court initially ordered the institutional detention of D.W., the relevant statute in effect, IND. CODE § 31–6–4–18 provided in pertinent part: "At the dispositional hearing or any other hearing to consider modification of a dispositional decree, the juvenile court shall order the child's parents or the guardian of the child's estate to pay for services provided to the child or the parent or guardian unless the court finds: (1) that the parent or guardian is unable to pay; or (2) that justice would not be served by ordering payment from the parent or guardian. Whenever the court orders institutional placement of the child, the court shall refer to the child support guidelines adopted by the Indiana supreme court to determine the financial contribution required from each parent of the child or guardian of the child's estate." This section has been amended and is now recodified as IND. CODE § 31–40–1 *et seq.*

■ The juvenile court alternately found that OFC incurred expenses on behalf of D.W. of either $97,651.48 or $93,091.48; it is unclear whether full or partial reimbursement of either amount is contemplated. The September 3, 1997 order could be read as requiring Parents to fully reimburse OFC (as $97,651.48 less payments of $4,560.00 equals $93,091.48). Alternatively, the court's entry of "explanation" could be construed as anticipating that Parents owed $500.00 after credit for payment of $4,560.00. Neither interpretation appears consistent with an application of Indiana Child Support Guidelines. Finally, if ongoing $500.00 monthly payments were contemplated, the parties were not apprised of an ascertainable event that would trigger termination, such as the emancipation of D.W. or the cessation of the juvenile placement services.[3]

We reverse the juvenile court's decision regarding purported proceedings supplemental and remand for further proceedings to determine what amount, if any, Parents owe OFC, consistent with applicable reimbursement statutes and the Indiana Child Support Guidelines.

Reversed and remanded.

FRIEDLANDER, J., and DARDEN, J., concur.

---

**3.** In compliance with IND. CODE § 31–16–6–6 and IND. CODE § 31–14–11–20, the Indiana Child Support Guidelines contemplate that the parental duty of support ceases when the child is emancipated or attains the age of 21. Child Supp. G. 6. However, this court has held that the right to seek reimbursement under I.C. 31–6–4–18 is not limited to weekly support orders only during the minority of the child or the child's institutional placement. *Matter of C.K.,* 695 N.E.2d 601, 605 (Ind.Ct.App.1998), *trans. denied.* On the other hand, the right to reimbursement is not unlimited, and the juvenile court must consider the parents' ability to pay and whether justice would be served by an order in excess of that which a parent would have paid under child support orders during the child's minority. *Id.*