Kenneth R. AREND, Appellant–Defendant, Cross–Plaintiff,

v.

James L. ETSLER, Appellee–Plaintiff, Cross–Defendant.

No. 02A05–0003–CV–82.

Court of Appeals of Indiana.

Nov. 8, 2000.

R. David Boyer, II, Helmke, Beams, Boyer & Wagner, Fort Wayne, IN, Attorney for Appellant.

Robert Owen Vegeler, Beers, Mallers, Backs & Salin, LLP, Fort Wayne, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

Kenneth R. Arend appeals the trial court's denial of his motion to extend the money judgment entered against James L. Etsler. We affirm on other grounds and remand with instructions.

### Issue

Arend raises several issues for our review, one of which we find dispositive: whether Arend may execute a money judgment more than ten years after its rendition.

### Facts and Procedural History

On February 15, 1985, Etsler filed a complaint against Kenneth R. Arend for damages arising from a real estate contract. Thereafter, Arend filed a cross-claim against Etsler. On May 16, 1989, a settlement agreement was reached by the parties whereupon Etsler agreed to pay Arend the sum of $15,000.00, plus interest, costs, costs of collection, and attorney fees. The settlement agreement was later reduced to a final judgment by the trial court.

On April 23, 1999, Arend filed with the trial court a Motion for Proceeding Supplemental against Etsler.[1] The trial court later denied Arend's attempt to execute the money judgment against Etsler. Subsequently, Arend filed with the trial court a motion to correct errors, a motion which the court later denied. This appeal ensued.

### Discussion and Decision

Arend contends that the money judgment may be executed because the judgment does not violate the twenty year statute of limitations of Indiana Code section 34–11–2–12.

A judgment creditor has several methods to choose from in collecting a final judgment from a judgment debtor. One option available to a judgment creditor is to enforce the judgment lien, another is to execute the money judgment via a proceeding supplemental. The enforcement of a judgment lien is a separate and distinct action from the execution of a money judgment via proceeding supplemental. The Indiana Supreme Court has previously stated that "[p]roceedings supplemental are brought solely for the purpose of subjecting property allegedly belonging to a judgment debtor to the satisfaction of the judgment debt, not to a lien." *Hinds v. McNair*, 235 Ind. 34, 129 N.E.2d 553, 558 (1955). Therefore, a judgment creditor may collect from a judgment debtor by enforcing a judgment lien and/or executing a money judgment via proceeding supplemental.

A judgment lien is a lien on the interest the debtor has in the land; a prior equitable interest will prevail over a judg-

---

1. We note that Arend filed a Motion for Leave to Extend Judgment with the trial court on May 14, 1999. R. 22. It is apparent from the record that Arend's intention in filing the motion was not to extend the judgment lien past the ten year statute of limitations of Indiana Code section 34–55–9–2. Rather, Arend intended to make certain that he would not be prohibited from executing the money judgment via a proceeding supplemental so that Etsler, the judgment debtor, would ap-

pear before the trial court and be examined as to available property that could be applied to satisfy the money judgment. Therefore, we leave to another day the question of whether a trial court, pursuant to Indiana Code 34–55–1–2, must grant a motion to extend a judgment lien filed by a judgment creditor where the motion is filed within the ten year statute of limitations of Indiana Code section 34–55–9–2.

ment lien. *Rural Acceptance Corp. v. Pierce,* 157 Ind.App. 90, 298 N.E.2d 499, 502 (1973). A judgment lien is purely statutory in Indiana. *Uhrich v. Uhrich,* 173 Ind.App. 133, 362 N.E.2d 1163, 1164 (1977), *overruled on other grounds.* Indiana Code section 34–55–9–2 provides that:

> All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction in Indiana, whether state or federal, constitute a lien upon the real estate and chattels real liable to execution in the county where the judgment has been duly entered and indexed in the judgment docket as provided by law:
>
> > (1) after the time the judgment was entered and indexed; and
> >
> > (2) until the expiration of ten (10) years after the rendition of the judgment;
>
> exclusive of any time during which the party was restrained from proceeding on the lien by an appeal, an injunction, the death of the defendant, or the agreement of the parties entered of record.

Thus, a money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket in the county where the realty held by the debtor is located. *Needham v. Suess,* 577 N.E.2d 965, 967 (Ind.Ct.App.1991). Although this lien has an initial life of ten years, it may be extended an additional ten years under certain circumstances. *See* Ind.Code § 34–55–9–2; *see also* Ind.Code § 34–55–1–2. Furthermore, when a judgment has been entered and indexed, it is not a warning of a lien to come, but it is from that very moment a judgment lien. *Muniz v. United States,* 129 Ind.App. 433, 155 N.E.2d 140, 148 (1958). Moreover, the property subject to a judgment lien is limited to real property in the county where the judgment has been entered and indexed by the trial court. *See* Ind.Code § 34–55–9–2. Once a judgment lien has attached to land, it remains until it is legally removed and anyone buying prop-

erty to which a lien has attached and who has actual or constructive notice of the lien takes the property subject to the lien. *Needham,* 577 N.E.2d at 967.

■ Although the enforcement of a judgment lien is available, a judgment creditor typically utilizes Indiana Trial Rule 69(E) to collect a final judgment. Trial Rule 69(E) provides that when a judgment creditor has no cause to believe that execution will satisfy a judgment, he can institute proceedings supplemental to execution to determine if the debtor has other property available to satisfy the judgment. Under Indiana law, the only issue presented in proceedings supplemental is that of affording the judgment-creditor relief to which she is entitled under the terms of the judgment. *National Mut. Ins. Co. v. Sparks,* 647 N.E.2d 375, 376–77 (Ind.Ct.App.1995), *trans. denied.*

■ Pursuant to Trial Rule 69(E), proceedings supplemental are initiated by verified motion under the same cause number in the same court which entered judgment against the defendant. *Kirk v. Monroe County Tire,* 585 N.E.2d 1366, 1368 (Ind.Ct.App.1992). Moreover, proceedings supplemental are merely a continuation of the underlying claim on the merits, not an independent action. *Koors v. Great Southwest Fire Ins. Co.,* 538 N.E.2d 259, 260 (Ind.Ct.App.1989). The proceedings are a nullity absent a valid judgment. *Washburn v. Tippecanoe Office of Family and Children,* 726 N.E.2d 361, 363 (Ind.Ct.App. 2000). Therefore, the validity of the underlying judgment has already been determined and proceedings supplemental may progress without a showing that execution has commenced or would be unavailing. *Borgman v. Aikens,* 681 N.E.2d 213, 217 (Ind.Ct.App.1997), *trans. denied.*

At a proceeding supplemental, it is the duty of the judgment debtor to pay the judgment or come forward with property so that execution may proceed. Generally, three types of relief are available to a judgment creditor through a proceeding supplemental: 1) the judgment debtor is required to appear before the trial court

and be examined as to available property; 2) the judgment debtor is required to apply particular property to the satisfaction of the judgment; and 3) a third-party garnishee is joined as a party and is required to answer as to non-exempt property held by the garnishee for the debtor or an obligation owing from the third party to the debtor. Harvey, 4 Ind. Practice 470 (1991). Property subject to execution at a proceeding supplemental includes both real and personal property. As commentary to Trial Rule 69(E) explains:

> Rule 69(E) does not alter or modify the existing rules as to the property which may be subjected to creditor process by means of proceedings supplemental to execution. Although certain interests in the debtor's property cannot be subjected to a levy of execution, proceedings supplemental to execution may be used to marshal any asset owned by the debtor which may be transferred by the debtor. After a hearing, a judge may order any property, income, or other asset of the judgment debtor which is not exempt from execution to be applied to the satisfaction of the judgment, whether the asset is in the hands of the judgment debtor or the garnishee defendant.

*Id.* at 473. Because it is apparent from the record that Arend intends to collect the final judgment against Etsler via a proceeding supplemental and not by enforcing the judgment lien, we must examine Indiana statute to determine if this action is barred by the statute of limitations applicable to money judgments.

██ The statute of limitations for the enforcement of a money judgment is contained in Indiana Code section 34–11–2–12, which provides that:

> Every judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years.

Therefore, a party has twenty years from the date the money judgment was entered and indexed by the trial court to execute it. Here, Arend and Etsler entered into a settlement agreement whereupon Etsler agreed to pay Arend the sum of $15,000.00, plus interests, costs, costs of collection, and attorney fees. The settlement agreement was reduced to a final judgment by the trial court. The twenty-year statute of limitations of Indiana Code section 34–11–2–12 began to run on May 16, 1989, the date the money judgment against Etsler was entered and indexed by the trial court. On April 23, 1999, Arend filed a motion for proceeding supplemental with the trial court.[2] Therefore, Arend is entitled to execute the money judgment against Etsler because Arend filed the motion for proceeding supplemental within twenty years of its rendition.

### Conclusion

Based on the foregoing, we hold that the trial court erred in denying Arend's motion to execute the money judgment against Etsler because Arend filed the motion for proceeding supplemental within twenty years of the judgment's rendition in accordance with the statute of limitations of Indiana Code section 34–11–2–12. Therefore, we affirm the trial court's order on other grounds and remand with instructions to the trial court to allow Arend to proceed with the execution of the judgment against Etsler via a proceeding supplemental within the twenty year statute of limitations of Indiana Code section 34–11–2–12.

Affirmed on other grounds and remanded with instructions.

BROOK, J., and MATTINGLY, J., concur.

---

**2.** The money judgment entered against Etsler in favor of Arend had accrued to the sum of $32,232.01 as of April 23, 1999.