Paul A. KEATON, Appellant–
Garnishee Defendant,

v.

FORT WAYNE NEUROSURGERY,
Appellee–Plaintiff.

No. 02A03–0206–CV–193.

Court of Appeals of Indiana.

Jan. 9, 2003.

R. Mark Keaton, Keaton & Keaton, Fort Wayne, IN, Attorney for Appellant.

Jack E. Roebel, Fort Wayne, IN, Attorney for Appellee.

## OPINION

SULLIVAN, Judge.

Paul Keaton, an attorney from Fort Wayne, Indiana, was hired by Marjorie Wojcik to represent her in a personal injury claim arising out of an accident in which she was injured. It appears, although it is not clear, that as a result of the injuries Wojcik received in the accident, she received treatment from Fort Wayne Neuro-surgery. Wojcik owed money to Fort Wayne Neurosurgery for the treatment she received, and on September 25, 2001, she entered into an agreed judgment with Fort Wayne Neurosurgery in the amount of $582.70.[1] Approximately two weeks after the agreed judgment was entered, Fort Wayne Neurosurgery filed a motion for proceedings supplemental, in which Keaton was joined as a garnishee-defendant, in order to collect the judgment owed by Wojcik. In so doing, Fort Wayne Neurosurgery alleged that Keaton had in his possession certain items of Wojcik's property, including wages, salaries, commissions, earnings, and income.

Keaton stated, by sworn affidavit, that neither at that time, nor in the future, did he possess or expect to have control over any property, money, credits, or effects of Wojcik. He filed a motion for summary judgment upon the ground that he was not a proper garnishee-defendant. Following a hearing upon his motion, the trial court granted Fort Wayne Neurosurgery's motion and ordered that Keaton be a garnishee-defendant for the purpose of settling Wojcik's judgment debt to Fort Wayne Neurosurgery. The trial court further ordered that Keaton deduct $629.62, plus interest at eight percent per annum, from any amounts due and owing to Wojcik either at that time, or in the future, which resulted from any chose in action in which he represented Wojcik. Keaton now appeals from the denial of his motion for summary judgment and the trial court's garnishment order in favor of Fort Wayne Neurosurgery.[2]

---

1. All of the lower court proceedings were conducted in the Small Claims Division of the Allen Superior Court.

2. It appears that the trial court, following an April 11, 2002 hearing on Keaton's motion for summary judgment, entered summary judgment in favor of Fort Wayne Neurosurgery.

The order of the court, which was entered on May 13, 2002, does not reflect that the order was addressing the summary judgment proceeding; however, it does not appear that any other hearings were conducted or any evidence, other than that submitted by Keaton at

Summary judgment is appropriate only if the designated evidentiary material demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Title Search Co., Inc. v. 1st Source Bank,* 765 N.E.2d 167, 171 (Ind.Ct.App.2002), *trans. denied.* We apply the same standard as the trial court and resolve disputed facts and inferences in favor of the non-moving party. *Id.* The moving party bears the burden of establishing, prima facie, that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. *Id.* Once the moving party has established that burden, the burden then falls upon the non-moving party to set forth specific facts demonstrating a genuine issue for trial. *Id.* Nevertheless, the party appealing a grant of summary judgment bears the burden of persuading us that the trial court erred. *Id.*

 Pursuant to Indiana Trial Rule 69(E), proceedings supplemental, which are a mere continuation of the underlying claim on the merits, are initiated by verified motion under the same cause number in the same court which entered judgment against the defendant. *Arend v. Etsler,* 737 N.E.2d 1173, 1175 (Ind.Ct.App.2000). Generally, three forms of relief are available to a judgment-creditor through a proceeding supplemental: (1) the judgment-debtor is required to appear before the trial court and be examined as to available property; (2) the judgment-debtor is required to apply particular property to the satisfaction of the judgment; and (3) a third-party garnishee is joined as a party

and is required to answer as to non-exempt property held by the garnishee for the judgment-debtor or an obligation owing from the third party to the judgment-debtor. *Id.* at 1175–76. A garnishment proceeding is a means by which a judgment-creditor seeks to reach property or credits of a judgment-debtor which are in the hands of a third person so that they may be applied in favor of the judgment. *WW Extended Care, Inc. v. Aetna Life Ins. Co.,* 755 N.E.2d 712, 718 (Ind.Ct.App. 2001), *reh'g denied.* In the event that a person is named as a garnishee, the motion must allege that the "garnishee *has or will have* specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution...." Ind. Trial Rule 69(E) (emphasis supplied). Property in which the judgment-debtor has no present interest may not be subject to garnishment. *Nat'l Mut. Ins. Co. v. Sparks,* 647 N.E.2d 375, 377 (Ind.Ct.App.1995), *trans. denied.* Indiana law allows collection only against the judgment-debtor and any other person whom the judgment-debtor could have pursued him or herself. *Id.*

Keaton contends that he is not a proper garnishee-defendant according to Trial Rule 69(E) because he stated in a sworn affidavit, which was designated to the trial court for the summary judgment proceedings, that he did not have in his possession any property or money of Wojcik *and that he did not expect to ever have control over any property or money that belonged to her.*[3] Fort Wayne Neurosurgery responds

---

the summary judgment hearing, was before the trial court.

**3.** Keaton also seems to imply that it is always improper for an attorney to be a garnishee-defendant when involved in the representation of a client. In the Statement of the Case, he states, "Stripped to essentials, the instant

appeal questions the propriety of a practice engaged in by certain collection attorneys in Allen County, Indiana, whereby counsel for judgment debtors are named as garnishee-defendants when counsel for such judgment debtors are representing the judgment debtors in unrelated personal injury cases." Ap-

that Keaton does have in his possession property of Wojcik in that he controls the chose in action in the form of a lawsuit for personal injuries. The assertion is that so long as Keaton is Wojcik's attorney, he controls the litigation and will be in control whether the chose in action is resolved by settlement or judgment.

■ While it is true that Keaton is Wojcik's attorney, it does not necessarily follow that Keaton has or will have possession or control of any property or money which belongs to Wojcik. We do not agree with the proposition that acting as someone's legal counsel in a personal injury case places the attorney in control of that person's property for purposes of garnishment. In this case, Keaton stated in a sworn affidavit that he did not expect to control any property or assets of Wojcik during the course of his representation of her. This can only mean that any monetary recovery which Wojcik would receive as a result of her personal injury action would not be payable to Keaton for him to disburse to Wojcik; rather, Wojcik would receive the recovery directly. Fort Wayne Neurosurgery has not designated any evidence which refutes Keaton's claim that he will not control any money or property of Wojcik. Instead, Fort Wayne Neurosurgery claims that the chose in action itself has a value which can be garnished. However, outside of any monetary recovery which Wojcik may receive, the action has no ascertainable value. In *Allstate Ins. Co. v. Axsom*, 696 N.E.2d 482 (Ind.Ct.App. 1998), *trans. denied*, a panel of this court assumed, without deciding, that "for the sake of argument" a tort claim against an insurer for bad faith failure to settle was assignable. 696 N.E.2d at 484 n. 1. In that case, a jury had returned a verdict in excess of Allstate's policy coverage and the tortfeasor had assigned his bad faith claim to the plaintiff who was attempting to obtain punitive damages against the insurance company. However, it must be noted that there was in place at the time a definitive and liquidated tort recovery which might arguably give rise to such a punitive damage claim. In this respect, the *Axsom* court specifically noted that:

> " '[F]ew legal principles are as well settled ... as the rule that the common law does not permit assignment of causes of action to recover for personal injuries.' " *Id.* at 485 (citations omitted).

It would clearly seem to follow then that as stated generally "an unliquidated claim for damages for tort is not subject to garnishment." 38 C.J.S. *Garnishment* § 97 (1996). In the case before us, Wojcik's underlying personal injury claim is just such an unliquidated tort claim.

■ We also do not agree with Fort Wayne Neurosurgery's contention that Keaton's service as Wojcik's counsel gives him control over her claim, thereby making him a proper garnishee-defendant. While it may be possible to attach or garnish a chose in action as Fort Wayne Neurosurgery claims, it has provided no legal support for its contention that Keaton has "control" over her claim which would subject him to garnishment proceedings. Indiana Professional Conduct Rule 1.2 states:

> "A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a

pellant's Brief at 4. We do not address this contention because the focus of Keaton's argument and the holding of this case is based upon whether a genuine issue of material fact existed at the summary judgment proceeding.

client's decision whether to accept an offer of settlement of a matter."

This language clearly indicates that the attorney does not take control of the action so that some property right in the action belongs to the attorney. While Keaton may have control over the means of prosecuting the personal injury claim, Wojcik retains control over the objectives and the terms of any agreed resolution of the action. Keaton's representation of Wojcik in her personal injury claim is not sufficient to establish control over her action so as to make him a proper garnishee-defendant over her chose in action.

The General Assembly has not provided doctors with the same liening protection available to hospitals in Indiana Code § 32–33–4–1, et seq. (Burns Code Ed. Repl.2002) or to ambulances in Indiana Code § 32–33–5–1, et seq. (Burns Code Ed. Repl.2002). The complexity and expense of medical care and the value of such care in the liquidation and settlement of personal injury claims would seem to make extension of the equitable framework in I.C. § 32–33–4–1, et seq., to doctors not unreasonable. However, such a public policy consideration and decision is the exclusive province of the General Assembly.

Fort Wayne Neurosurgery has failed to refute Keaton's claim that he did not possess and did not expect to control any property or money of Wojcik in the future; therefore, there are no genuine issues as to any material fact which would warrant further proceedings. Because the chose in action will have no value which can be garnished other than recovery payable to Wojcik exclusively, and Keaton has carried his burden that he will not possess any property or money of Wojcik, the trial court erred in denying Keaton's motion for summary judgment and in ordering that

Keaton was a proper garnishee-defendant over the chose in action.

The judgment of the trial court is reversed and the cause is remanded with instructions for the trial court to enter summary judgment in favor of Keaton.

BAILEY, J., and MATHIAS, J., concur.