John F. FREIDLINE, Appellant,

v.

Anthony THOMALLA, Appellee.

No. 71A05–0602–CV–91.

Court of Appeals of Indiana.

Aug. 7, 2006.

Fred R. Hains, Peter M. Yarbro, Hains Law Firm, LLP, South Bend, IN, for Appellant.

Mark J. Phillipoff, Jones Obenchain, LLP, South Bend, IN, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, John F. Freidline (Freidline), appeals the trial court's grant of summary judgment in favor of Appellee–Plaintiff, Anthony Thomalla (Thomalla), holding as a matter of law that Freidline was liable to Thomalla for the judgment entered against the Land Trust No. 4810 (the Land Trust) and in favor of Thomalla.

We affirm in part, reverse in part, and remand with instructions.

### ISSUE

Freidline raises three issues on appeal, which we consolidate and restate as the following issue: Whether the trial court, in proceedings supplemental, properly decided, as a matter of law, that Freidline, as the beneficiary of the Land Trust, is personally responsible for a debt owed by the Land Trust to Thomalla.

### FACTS AND PROCEDURAL HISTORY

In 1992, Thomalla entered into an Office Building Lease with the Land Trust for a five-year term, leasing an office in the John M. Studebaker building located in South Bend, Indiana. The trust corpus of the Land Trust consisted of this single office building and Freidline was listed as its sole beneficiary. In July of 1998, Thomalla filed his Complaint against the Land Trust alleging breach of contract and seeking to recover damages. Freidline, appearing as the beneficiary of the Land Trust, counterclaimed for breach of contract. On August 24, 2000, following a bench trial, the trial court found in favor of Thomalla and awarded him $14,400.50, which included attorney fees and pre-judgment interest. At the same time, the trial court also found in favor of the Land Trust and awarded it $1,647.50, which included prejudgment interest.

Appealing the trial court's decision, the Land Trust contended, in part, that the trial court had erred by declining to award it attorney fees on its counterclaim. After review, we agreed and remanded to the trial court for determination of the appropriate amount of reasonable attorney fees. On July 27, 2001, the trial court entered an amended judgment in favor of Thomalla in the amount of $11,753.

On June 26, 2003, Thomalla filed a Verified Motion in Proceedings Supplementary against Freidline as garnishee-defendant pursuant to Indiana Trial Rule 69(E) to enforce its unpaid judgment against the Land Trust. On February 3, 2005, Thomalla filed his Motion for Summary Judgment, to which Freidline responded. Additionally, Freidline filed his own Motion for Summary Judgment. On January 9, 2006, following a hearing, the trial court entered findings of fact and conclusions of law in favor of Thomalla's Motion for Summary Judgment, finding that Freidline had an obligation to the Land Trust to pay its debts and requiring Freidline to satisfy the Land Trust's judgment debt owed to Thomalla.

Freidline now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Freidline contends that the trial court erred by holding him personally responsible for the Land Trust's judgment debt to

Thomalla pursuant to proceedings supplemental as stipulated in Ind. Trial Rule 69(E).

## I. *Standard of Review*

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. T.R. 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 47 (Ind.Ct.App.2004). Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* However, here, both parties concede that no material question of fact exists; rather, they contest the trial court's application of the law to the undisputed facts. Accordingly, our review is *de novo* and we will reverse the grant of summary judgment if the record discloses an incorrect application of the law to the facts. *Id.* In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.*

We observe that in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *Id.* However, such findings offer this court valuable insight into the trial court's rationale for its judgment and facilitate appellate review. *Id.*

## II. *Analysis*

Pursuant to T.R. 69(E), proceedings supplemental, which are a mere continuation of the underlying claim on the merits, are initiated by verified motion under the same cause number and in the same court which entered judgment against the defendant. *Keaton v. Fort Wayne Neurosurgery*, 780 N.E.2d 1183, 1185 (Ind.Ct.App.2003). The validity of the underlying judgment has already been determined; thus proceedings supplemental may progress without a showing that execution has commenced or would be unavailing. *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 817 (Ind.Ct.App.2005).

At a proceeding supplemental, it is the duty of the judgment-debtor to pay the judgment or come forward with property so that execution may proceed. *Id.* Generally, three types of relief are available to a judgment-creditor through a proceedings supplemental: 1) the judgment-debtor is required to appear before the trial court and be examined as to available property; 2) the judgment-debtor is required to apply particular property to the satisfaction of the judgment; and 3) a third-party garnishee is joined as a party and is required to answer as to non-exempt property held by the garnishee for the debtor or an obligation owing from the third-party to the debtor. *Id.*

A garnishment proceeding is a means by which a judgment-creditor seeks to reach property or credits of a judgment-debtor which are in the hands of a third person so that they may be applied in favor of the judgment. *Keaton*, 780 N.E.2d at 1185. In the event that a person is named as a garnishee, the motion must allege that the "garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment-debtor subject to execution or proceedings supplemental to execution ..." T.R. 69(E). Additionally, we have

held that "garnishment proceedings are a means whereby a judgment-creditor seeks to reach property or credits of the judgment-debtor in the hands of third persons and have them applied in satisfaction of the judgment." *Lakeshore Bank and Trust Co. v. United Farm Bureau Mut. Ins. Co., Inc.*, 474 N.E.2d 1024, 1026 (Ind. Ct.App.1985).

■ In the present case, Thomalla identified Freidline as the garnishee in his verified motion underlying the proceeding supplemental, and further alleged that Freidline held assets of the Land Trust which should be applied towards the Land Trust's judgment debt. In this regard, Thomalla focuses our attention on the terms of the Land Trust Agreement, entered into between TrustCorp Bank as trustee and Freidline as one hundred percent beneficiary, which provide, in pertinent part, that:

> The beneficiaries shall have the sole possession, management and control of the selling, renting, repairing, maintaining and handling of the property and the trustee shall have no right or duty in respect to such matters. The beneficiaries shall have the right to execute leases and collect rents in their own name or through their agents....

(Appellant's App. p. 61). Furthermore, the record establishes that during the proceedings supplemental hearing, Freidline admitted to collecting rents and profits from the trust corpus and including this income on his personal income tax returns. Pursuant to his testimony, he paid the utility bills associated with the building and made the mortgage payments. In effect, Freidline retained absolute control of the management of the trust corpus and received all the proceeds from it. As such, while the title to the trust corpus was transferred to the Land Trust, it appeared that Freidline retained true ownership of the property. Accordingly, we agree with the trial court that Freidline possesses nonexempt property and obligations owing to the judgment-debtor subject to proceedings supplemental to execution. *See* T.R. 69(E). Thus, we find that there is no material issue of fact with regard to Freidline's liability for the Land Trust's judgment debt.

■ Nevertheless, Freidline now asserts that the trial court's grant of summary judgment denied him his due process right to defend against personal liability. Specifically, the trial court, in its conclusion, appeared to award Thomalla a blank check to execute the judgment debt against all of Freidline's assets. However, it is well established that property in which the judgment-debtor has no present interest may not be subjected to garnishment. *National Mut. Ins. Co. v. Sparks*, 647 N.E.2d 375, 377 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* A judgment attaches only to the extent that the judgment-debtor has an interest in the property sought to be attached. *Id.* As commentary to T.R. 69(E) explains:

> Rule 69(E) does not alter or modify the existing rules as to the property which may be subjected to creditor process by means of proceedings supplemental to execution. Although certain interests in the debtor's property cannot be subjected to a levy of execution, proceedings supplemental to execution may be used to marshal any asset owned by the debtor or which may be transferred by the debtor. *After a hearing, a judge may order any property, income, or other asset of the judgment debtor which is not exempt from execution to be applied to the satisfaction of the judgment, whether the asset is in the hands of the judgment debtor or the garnishee defendant.*

*Arend v. Etsler,* 737 N.E.2d 1173, 1175 (Ind.Ct.App.2000) (citing Harvey, 4 Ind. Practice 470 (1991)) (emphasis added). Thus, we remand to the trial court with instructions to identify the specific property of the Land Trust held by Freidline, or obligations by Freidline to the Land Trust on which execution can be levied to satisfy the judgment debt in favor of Thomalla.

### CONCLUSION

In light of the foregoing, we find that Freidline, as sole beneficiary of the Land Trust, is responsible for the Land Trust's judgment debt to Thomalla, and we remand to the trial court with instructions to identify the specific property of the Land Trust held by Freidline, or obligations by Freidline to the Land Trust on which execution can be levied to satisfy the judgment debt.

Affirmed in part, reversed in part, and remanded with instructions.

VAIDIK, J., and DARDEN, J., concur.