## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2020, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jason M. Smith
Seymour, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Phyllis I. Maschino, | March 20, 2020 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 19A-PL-2203 |
| v. | Appeal from the Jackson Superior Court |
| Tex Anna Wayt and Edward Wayt, | The Honorable AmyMarie Travis, Judge |
| *Appellees-Defendants* | Trial Court Cause No. 36D01-1903-PL-10 |

**Altice, Judge.**

## Case Summary

[1] Phyllis I. Maschino filed a complaint to foreclose on a judicial lien in an action separate from that which gave rise to the judicial lien. Tex and Edward Wayt (collectively, the Wayts) filed a motion to dismiss Maschino's complaint

pursuant to Ind. Trial Rule 12(B)(8). The trial court granted the motion to dismiss, finding that such matter should be addressed in the cause giving rise to the judgment lien. Maschino appeals, arguing that the trial court erred in dismissing her complaint for foreclosure of a judicial lien.

[2]    We affirm.

## Facts & Procedural History

[3]    In January 2017, under Cause No. 36D01-1208-CC-177 (CC-177), Maschino secured a judgment against the Wayts in the amount of $83,000 (the 2017 Judgment).[1] At that time, the Wayts owned a residence in Seymour, Indiana, but had no other significant assets. Maschino did not take any action to collect on the judgment during the pendency of the Wayts' appeal. After the 2017 Judgment was affirmed, Maschino learned that Tex was the beneficiary of one-sixth of an estate and that her share was valued at approximately $100,000. Rather than collecting on the judgment through foreclosure on the Wayts' home, Maschino chose to wait until the conclusion of the estate administration and seek satisfaction of the 2017 Judgment from Tex's inheritance. Tex received her distribution of the estate, but thereafter made no attempt to pay or settle the 2017 Judgment. Tex testified at a January 2019 proceedings

---

[1] The Wayts appealed to this court, which upheld the judgment in a memorandum decision on December 29, 2017. *Wayt v. Maschino*, No. 36A05-1702-CC-335 (Ind. Ct. App. Dec. 29, 2017).

supplemental hearing in under CC-177 that she had already transferred the entire amount of funds from her inheritance to her daughter.

[4]     On March 19, 2019, Maschino filed a complaint under Cause No. 36D01-1903-PL-10 (PL-10), seeking to collect on the 2017 Judgment through foreclosure of the judicial lien on the Wayts' real estate and asserting claims for treble damages and fraudulent transfer. On May 24, 2019, the Wayts filed a motion to dismiss PL-10 pursuant to T.R. 12(B)(8), claiming that the same action was pending under CC-17. Maschino filed a response on June 14, 2019. The trial court held a hearing on the motion to dismiss on August 5, 2019.

[5]     On August 26, 2019, the trial court granted the Wayts' motion to dismiss as to Maschino's claim for foreclosure, finding that such matter was to be addressed under CC-177. The court found that Maschino's claims for additional damages, however, were properly filed. On September 4, 2019, Maschino filed a Notice of Voluntary Dismissal Without Prejudice of her remaining claims under PL-10, which the trial court accepted the same day. Maschino now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[6]     We begin by noting that the Wayts have not filed an appellate brief. In such case, we will not undertake the burden of developing arguments for them. *Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). Instead, we apply a less stringent standard of review and will reverse upon a showing of prima facie error, which is error "at first sight, on first appearance, or on the face of it."

*Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006). However, to determine whether reversal is required, we are still obligated to correctly apply the law to the facts in the record. *Jenkins*, 17 N.E.3d at 352.

[7] Ind. Trial Rule 12(B)(8) permits the dismissal of an action when "[t]he same action [is] pending in another state court of this state." T.R. 12(B)(8) implements the general principle that, when an action is pending in an Indiana court, other Indiana courts must defer to that court's authority over the case. *See LTL Truck Serv., L.L.C. v. Safeguard, Inc.*, 817 N.E.2d 664, 671 (Ind. Ct. App. 2004). The rule applies where the parties, subject matter, and remedies are precisely the same, and it also applies when they are only substantially the same. *Id.* Our review of the trial court's dismissal under T.R. 12(B)(8) is de novo. *See Kentner v. Ind. Pub. Employers' Plan, Inc.*, 852 N.E.2d 565, 570 (Ind. Ct. App. 2006), *trans. denied*.

[8] On appeal, Maschino argues that "all foreclosure actions on judgment liens *must* be filed in a new and separate matter from the matter in which the judgment lien was created" and that the trial court's dismissal of her complaint for foreclosure of her judgment lien has denied her the right to foreclose altogether. *Appellant's Brief* at 9 (emphasis supplied). In support of her argument, Maschino directs us to *Arend v. Etsler*, 797 N.E.2d 1173 (Ind. Ct. App. 2000), as well as Ind. Trial Rules 69(C) and 69(E).

[9] Here, Maschino secured a money judgment against the Wayts. A money judgment becomes a lien on the debtor's real property when the judgment is

recorded in the judgment docket in the county where the realty held by the debtor is located.[2] *Needham v. Suess*, 577 N.E.2d 965, 967 (Ind. Ct. App. 1991); *see also* Ind. Code § 34-55-9-2. To collect final judgment, a judgment debtor can enforce a judgment lien *or* execute the money judgment via a proceeding supplemental. *Arend*, 737 N.E.2d at 1174.

[10] As this court observed in *Arend*,

> At a proceeding supplemental, it is the duty of the judgment debtor to pay the judgment or come forward with property so that execution may proceed. Generally, three types of relief are available to a judgment creditor through a proceeding supplemental: 1) the judgment debtor is required to appear before the trial court and be examined as to available property; 2) the judgment debtor is required to apply particular property to the satisfaction of the judgment; and 3) a third-party garnishee is joined as a party and is required to answer as to non-exempt property held by the garnishee for the debtor or an obligation owing from the third party to the debtor.

*Id*. at 1175-76 (citing Harvey, 4 Ind. Practice 470 (1991)). A proceeding supplemental is a continuation of the underlying claim, filed in the same court where the judgment was entered, under the same cause number, and serves to enforce a judgment. *Keaton v. Ft. Wayne Neurosurgery*, 780 N.E.2d 1183, 1185 (Ind. Ct. App. 2003); *Gallant Ins. Co. v. Wilkerson*, 720 N.E.2d 1223, 1229 (Ind. Ct. App. 1999); *see also* T.R. 69(E) (stating that "proceedings supplemental to

---

[2] At the hearing on their motion to dismiss, the Wayts did not challenge the existence of Maschino's judgment lien.

execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered" if certain allegations are presented).

[11] Maschino argues, however, that pursuant to T.R. 69(C), she was required, or at the very least had the option, to file her foreclosure action under a cause separate from the underlying judgment. T.R. 69(C) provides that "judicial foreclosure of all liens upon real estate shall be conducted under the same rules and the same procedures applicable to foreclosure of mortgages upon real estate." Contrary to Maschino's argument, T.R. 69(C) does not require that foreclosure of a judicial lien be brought as a separate action; rather, it simply provides that certain rules and procedures be followed.

[12] Maschino relies on *Arend* as support for her argument that to foreclose on a judicial lien, a separate action is required.[3] Although the *Arend* court noted that enforcement of a judgment lien is a "separate and distinct action" from execution of a money judgment, the court did not hold, as Maschino suggests, that enforcement of a judgment lien must be through a proceeding separate from the underlying judgment. *Id.* Simply put, this case does not support Maschino's argument.

---

[3] Maschino also cites to *Hinds v. McNair*, 129 N.E.2d 553 (Ind. 1955), wherein the Supreme Court, in addressing a mootness argument based on expiration of a statute of limitation, distinguished between a lien of judgment and a lien of execution. In so doing, the Court noted that "[p]roceedings supplemental are brought solely for the purpose of subjecting property allegedly belonging to a judgment debtor to the satisfaction of the judgment debt, not to a lien." *Hinds*, 129 N.E.2d at 558. *Hinds* does not support Maschino's argument.

[13] We agree that enforcement of a judgment lien and execution of the money judgment are separate and distinct. They are, however, both appropriate avenues by which to satisfy a final judgment. The proper procedural mechanism to enforce a judgment is through a proceeding supplemental in the cause where the underlying judgment was entered. Indeed, as the *Arend* court noted, "the only issue presented in proceedings supplemental is that of affording the judgment-creditor relief to which she is entitled under the terms of the judgment." *See Arend*, 737 N.E.2d at 1175 (quoting *Nat'l Mut. Ins. Co. v. Sparks*, 647 N.E.2d 375, 376-77 (Ind. Ct. App. 1995), *trans. denied*).

[14] We are obligated to correctly apply the law to the facts in the record. *Jenkins*, 17 N.E.3d at 352. Here, Maschino secured a money judgment that became a judgment lien against the Wayt's property under CC-177. T.R. 69(C) and case law regarding proceedings supplemental lead us to conclude that to collect on her final judgment, Maschino can either foreclose on the judgment lien or execute the money judgment and the way she must do so is through proceedings supplemental filed under CC-177. We therefore conclude that dismissal of Maschino's complaint filed under PL-10 was proper.

[15] Judgment affirmed.

Robb, J. and Bradford, C.J., concur.