**Robert R. KRILICH, Appellant–Plaintiff,**

v.

**SOLTESZ/BRANT DEVELOPMENT COMPANY, A Florida General Partnership, and Raymond T. Soltesz, A General Partner, and William J. Brant, Jr., A General Partner, Appellees–Defendants.**

No. 45A04–0202–CV–57.

Court of Appeals of Indiana.

July 9, 2002.

Michael T. Terwilliger, Hinshaw & Culbertson, Schererville, IN, Attorney for Appellant.

Patrick B. McEuen, Singleton, Crist, Austgen & Sears, Munster, IN, Attorney for Appellees.

## OPINION

MATHIAS, Judge.

Robert R. Krilich ("Krilich") obtained a judgment against William J. Brant, Jr. ("Brant") in a Florida court in the amount of $2,309,525.41 plus court costs and interest. Krilich later filed a complaint on foreign judgment in Lake Circuit Court in order to domesticate the judgment against Brant in Indiana.[1] Krilich filed a motion for summary judgment and Brant responded with a cross-motion for summary judgment. In his motion, Brant argued that Krilich did not have a valid lien on his real property in Florida; therefore, Krilich did not have the right to pursue a lien against his real property in Indiana.

The trial court granted Krilich's motion for summary judgment to domesticate his judgment against Brant, in part, finding that Krilich was the owner of a valid Florida judgment. However, it also granted Brant's cross-motion for summary judgment, in part, denying Krilich a lien against Brant's real property in Indiana. Krilich filed a motion to correct error, which was denied. He appeals arguing that the trial court erred when it granted Brant's cross-motion for summary judgment, in part, because Indiana law and procedure governs the execution of an Indiana judgment, and therefore, he has the right to pursue a lien against Brant's real property in Indiana.

We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

On December 31, 1986, Krilich and Brant, who was a partner of the Soltesz/Brant Development Company, entered into a Tenancy in Common Agreement with respect to a shopping center in Tam-

---

1. After Brant filed a motion for change of judge, the case was transferred to Lake Superior Court.

pa, Florida. In part, the agreement provided that Krilich agreed to purchase an 80% interest in the shopping center in return for a guarantee from Brant that the shopping center would "produce a cash flow to Krilich equal to 9–1/2% of the amount invested by Krilich." Appellant's App. p. 66. When the shopping center failed, Krilich filed a complaint against Brant in Hillsborough Circuit Court in Florida. On November 1, 1989, the Florida court entered a final judgment in favor of Krilich in the amount of $2,310,367.51 plus interest. A certified copy of the judgment was recorded in Hillsborough County on June 22, 1990 and it bore the name and address of Brant's attorney. The judgment was re-recorded in 1996 with the Hillsborough Circuit Court Clerk with an affidavit from Krilich's attorney, which contained Brant's last known address.

On June 17, 1996, Krilich filed a complaint on foreign judgment in Lake Circuit Court to domesticate the Florida judgment. Brant filed an answer to the complaint, but the parties later stipulated to dismissal of the complaint, without prejudice. On December 16, 1996, Krilich filed a motion for reinstatement following voluntary dismissal. The case was reinstated, by agreement, on March 26, 1997. Brant then filed an answer and motion for change of judge. Therefore, on May 19, 1998, Lake Superior Court Judge James Richards assumed jurisdiction.

On July 6, 1999, Krilich filed a motion for summary judgment. Brant filed a response and cross-motion for summary judgment arguing that the Florida court did not have jurisdiction over him, or in the alternative, that Krilich failed to properly record a lien on his Florida judgment, and therefore, no judgment lien should be recognized in Indiana. Appellant's App. pp. 45, 50. On June 4, 2001, the trial court granted Krilich's motion for summary judgment, in part, and granted Brant's motion in part, issuing the following order:

The Court, being duly advised, now finds as follows and enters these conclusions of law.

1. Krilich is the owner of a valid Florida judgment entered on November 1, 1989, following appropriate service of process upon Brant in accordance with both Florida and Indiana long-arm statutes, and Brant's challenges to the jurisdiction of the Florida Court over his person should be denied.

2. The Court, finds Brant's Cross–Motion for Summary Judgment and argument for denial of the attachment of Plaintiff's lien upon Brant's real estate in Indiana to be compelling and that there shall not be a lien on any real property owned by Brant in Indiana.

The Court therefore orders as follows:

1. Krilich's Motion for Summary Judgment [is] GRANTED to domesticate his judgment against Brant, individually, to the extent of Brant's personalty subject to attachment and garnishment to satisfy the judgment.

2. Brant's Cross–Motion for Summary Judgment is. GRANTED to deny Plaintiff a lien against Defendant's real estate in Indiana to satisfy Plaintiff's judgment.

Appellant's App. pp. 9–10.

Krilich filed a motion to correct error on June 27, 2001, which was deemed denied pursuant to Indiana Rule of Trial Procedure 53.3. He then filed a notice of appeal, but also filed a motion requesting that our court remand the case to the trial court to conduct a hearing on the motion to correct error. The motion was granted and the case was remanded to the trial court on December 5, 2001. The trial

court held a hearing on Krilich's motion to correct error on December 13, 2001, and denied the motion on December 31, 2001. Krilich appeals.

## Standard of Review

Our standard of review of a summary judgment motion is the same standard used in the trial court:

Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. The review of a summary judgment motion is limited to those materials designated to the trial court. We must carefully review decisions on summary judgment motions to ensure that the parties were not improperly denied their day in court.

*Tom–Wat, Inc. v. Fink,* 741 N.E.2d 343, 346 (Ind.2001) (citations omitted). "When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo." *Mahowald v. State,* 719 N.E.2d 421, 424 (Ind. Ct.App.1999).

## Discussion and Decision

▄▄ The Full Faith and Credit Clause of the United States Constitution requires that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. art. IV, § 1. Full faith and credit means that "the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced." *N. Ind. Commuter Transp. Dist. v. Chicago SouthShore and South Bend R.R.,* 685 N.E.2d 680, 685 (Ind.1997) (quoting *Underwriters Nat'l Assurance Co. v. N. Car-*

*olina Life and Accident and Health Ins. Guar. Ass'n,* 455 U.S. 691, 704, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982)). Indiana Code section 34–39–4–3 provides that records and judicial proceedings from courts in other states "shall have full faith and credit given to them in any court in Indiana as by law or usage they have in the courts in which they originated." Ind. Code § 34–39–4–3 (1999). Furthermore, " 'the judgment of a sister state, regular and complete upon its face, is prima facie valid.' " *Tom–Wat, Inc.,* 741 N.E.2d at 348 (quoting *Varoz v. Estate of Shepard,* 585 N.E.2d 31, 33 (Ind.Ct.App.1992), *trans. denied* ).

Krilich argues that Indiana law and procedure govern the proceedings to enforce his Florida judgment in Indiana; therefore, regardless of whether he had acquired a lien on Brant's real property in Florida, he is not precluded from pursuing a lien on Brant's real property in Indiana. Brant responds that the trial court properly denied Krilich a lien on his real property in Indiana. He contends that if Krilich had a lien on his real property in Indiana, this would result in the Indiana judgment having a greater effect than the Florida judgment because Krilich did not have a valid lien on his real property in Florida.

▄▄ Under Indiana law, a judgment creditor may collect a judgment from the debtor "by enforcing a judgment lien and/or executing a money judgment via proceedings supplemental." *Arend v. Etsler,* 737 N.E.2d 1173, 1174 (Ind.Ct.App. 2000). Indiana Code section 34–55–9–2 provides that:

All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction in Indiana, whether state or federal, constitute a lien upon the real estate and chattels real liable to execution in the county where the judgment

has been duly entered and indexed in the judgment docket as provided by law:

1) after the time the judgment was entered and indexed; and

2) until the expiration of ten (10) years after the rendition of the judgment;

exclusive of any time during which the party was restrained from proceeding on the lien by an appeal, an injunction, the death of the defendant, or the agreement of the parties entered of record. Ind.Code § 34–55–9–2 (1999). Therefore, "a money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket in the county where the realty held by the debtor is located." *Arend,* 737 N.E.2d at 1175 (citing *Needham v. Suess,* 577 N.E.2d 965, 967 (Ind.Ct.App.1991)).

■ Under Florida law, the rights of a judgment creditor may also be enforced against the real property of the judgment debtor. However, unlike Indiana's procedures, in Florida, a judgment does not automatically become a lien against the debtor's real property when the judgment is recorded in the judgment docket. Florida Statute section 55.10(1) provides:

A judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, ... provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. A judgment, order, or decree does not be-

come a lien on real property unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree.

Fla. Stat. § 55.10(1) (2001).[2]

■ Upon proper domestication, the concept of full faith and credit requires that Indiana accept Krilich's Florida judgment as a valid Indiana judgment. Clearly Krilich could proceed to enforce the judgment in Florida under Florida's collection laws or in Indiana under Indiana's collection laws. The fact that Krilich's efforts to create a valid judgment lien under Florida law may have been inadequate is not dispositive of his right to collect his valid Florida judgment under Indiana law. Allowing Krilich to domesticate his judgment in Indiana and to enforce that judgment by recording a lien against Brant's real property in Indiana, in accordance with Indiana collection law, does not give him greater rights in Indiana than he would enjoy in Florida. Therefore, we conclude that Krilich is not precluded from pursuing a lien on Brant's real property in Indiana and, the trial court erred when it denied Krilich's motion for summary judgment in part and granted Brant's motion in part.

Reversed and remanded for proceedings consistent with this opinion.

BARNES, J., and KIRSCH, J., concur.

2. Brant argues that Krilich does not have a valid lien on his real property in Florida because he has not complied with the provisions of this statute. Krilich argues that he complied with the statute when he re-recorded his lien in 1996.