**Robert R. KRILICH, Appellant–Plaintiff,**

v.

**SOLTESZ/BRANT DEVELOPMENT COMPANY, A Florida General Partnership, and Raymond T. Soltesz, A General Partner, and William J. Brant, Jr., A General Partner, Appellees–Defendants.**

No. 45A04–0202–CV–57.

Court of Appeals of Indiana.

Oct. 10, 2002.

Michael T. Terwilliger, Hinshaw & Culbertson, Schererville, IN, Attorney for Appellant.

Patrick B. McEuen, Singleton, Crist, Austgen & Sears, Munster, IN, Attorney for Appellees.

**OPINION ON REHEARING**

MATHIAS, Judge.

We issued our opinion in this appeal on July 9, 2002. On August 6, 2002, Brant filed a Petition for Rehearing arguing that

our court misstated material facts concerning Krilich's Florida judgment. In our opinion, we stated that a certified copy of the 1990 Florida judgment bore the name and address of Brant's attorney. 771 N.E.2d 1169, 1171. In his Petition for Rehearing, Brant states that the Florida judgment bore the name and address of *Krilich's* attorney, not Brant's. However, in the statement of facts in his Appellant's Brief, Krilich stated that the 1990 judgment bore the name and address of defendant's counsel. Brant was the defendant in the Florida case. In Brant's Appellee's Brief, Brant stated that he agreed with Krilich's statement of facts. Having reviewed the record, we note that the 1990 judgment does contain the name of an attorney, but it is unclear from the record whose attorney it was. Due to this confusion, the language in question should be stricken from our opinion.

Therefore, we grant Brant's Petition for Rehearing solely for the limited purpose of striking the language on page three of our opinion that reads "and it bore the name and address of Brant's attorney."

In all other respects, Brant's Petition for Rehearing is denied.

BARNES, J., and KIRSCH, J., concur.