792 P.2d 719

**Alfred CLEARWATER and Annette Clearwater, husband and wife, as surviving parents of Alfred B. Clearwater, Plaintiffs–Appellees/Cross–Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant/Cross–Appellee.**

**No. CV–89–0175–PR.**

Supreme Court of Arizona,
En Banc.

May 1, 1990.

Reconsideration Denied June 19, 1990.

Langerman, Begam, Lewis & Marks, P.A. by Thomas F. Dasse, Phoenix, for plaintiffs-appellees/cross-appellants.

Rake, Copple, Downey & Black, P.C. by Scott E. Boehm, O'Connor, Cavanagh,

Anderson, Westover, Killingsworth & Beshears, P.A. by Ralph E. Hunsaker, Frank M. Fox, Phoenix, for defendant-appellant/cross-appellee.

The Langerman Law Offices by Amy G. Langerman, Richard W. Langerman, Phoenix, for Amicus Curiae Arizona Trial Lawyers Assn.

## OPINION

CORCORAN, Justice.

We granted review to examine the applicable standard of conduct in a third-party bad faith claim against an insurer for failure to accept a reasonable settlement offer within policy limits. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### Facts

On August 30, 1980, Alfred B. Clearwater was killed in a traffic accident when his motorcycle collided with a car driven by Edward Francis. Francis was insured by petitioner State Farm Mutual Automobile Insurance Company, and carried liability coverage of $50,000.00. Annette and Alfred Clearwater, decedent's parents, filed a wrongful death action against Francis. Pursuant to terms of the liability insurance policy, State Farm defended the claim. During the course of the litigation, State Farm refused three offers of settlement within the policy limits. Mr. Francis was not notified of these offers due to State Farm's internal policy not to inform insureds of settlement offers less than the policy limit. The jury returned a verdict in favor of the Clearwaters for $125,000.00 and judgment was entered against Francis in that amount. State Farm paid the policy limit of $50,000.00 and Mr. Francis assigned any bad faith claims against State Farm to the Clearwaters in return for their covenant not to execute the judgment against him personally.

The Clearwaters filed this third-party bad faith action against State Farm on May 3, 1984. On July 11, 1986, the jury returned a verdict in their favor for $75,-000.00, the amount by which the wrongful

death judgment exceeded policy limits. The trial court entered judgment for that amount plus attorneys' fees of $25,237.75. State Farm timely appealed, alleging that the trial court's refusal to give one of its requested jury instructions constituted reversible error. State Farm requested a "fairly debatable" instruction stating:

> An insurance company may challenge claims which are fairly debatable and is not guilty of bad faith in so doing.

The trial court refused that instruction and instructed the jury on the tort of third-party bad faith with an "equal consideration" instruction, as follows:

> In determining whether the State Farm Mutual Automobile Insurance Company breached its duty of good faith and fair dealing, you must consider the comparative hazards to which it exposed itself and its policyholder, Edward Francis, in rejecting offers of settlement. In doing so, you must consider:
>
> 1. The amount of financial risk to which each party is exposed in the event of a refusal to settle;
> 2. The strength of the injured claimants' case on the issues of liability and damages;
> 3. The failure of the insurance company to inform the insured of offers of settlement; and
> 4. The failure of the insurance company to properly investigate the circumstances so as to ascertain the evidence against the insured.
>
> In every insurance policy there is a duty imposed by law of good faith and fair dealing. This obligation requires an insurance company, such as the defendant, State Farm Mutual Automobile Insurance Company, to deal in good faith and fairly with its insured in handling a claim against its insured.
>
> This duty of good faith and fair dealing requires the insurance company to give equal consideration to the interests of its insured as it gives its own interests.

The court of appeals found State Farm's argument persuasive and reversed the judgment. The court held, *inter alia*, that the "fairly debatable" instruction applies to *third*-party bad faith claims, such as the present case, and if requested, is necessary to explain the second element of the "equal consideration" analysis. *Clearwater v. State Farm Mut. Auto. Ins. Co.*, 161 Ariz. 590, 780 P.2d 423 (App.1989). The Clearwaters sought review. We vacate that portion of the court of appeals opinion and affirm the judgment of the trial court.

### Discussion

This court initially recognized a claim for bad faith refusal to settle in *Farmers Ins. Exch. v. Henderson*, 82 Ariz. 335, 338, 313 P.2d 404, 405–06 (1957). More recently, we allowed a first-party action in *Noble v. National Am. Life Ins. Co.*, 128 Ariz. 188, 189, 624 P.2d 866, 867 (1981). The tort arises from a breach of the duty of good faith and fair dealing implicit in all contracts. *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565, 570 (1986).

Bad faith actions against insurers are generally classified as either first- or third-party claims. These classifications are based on the type of insurance coverage provided by the policy in question. First-party coverage arises when the insurer contracts to pay benefits directly to the insured. Examples of first-party coverage include health and accident, life, disability, homeowner's, fire, title, and property damage insurance. In contrast, third-party coverage arises when the insurer contracts to indemnify the insured against liability to third parties. *See generally* W. Shernoff, S. Gage, & H. Levine, *Insurance Bad Faith Litigation* § 3.01 (1989). The type of claim is not determined by the identity of the party bringing the bad faith action against the insurer. For example, a third-party action might be brought by the *insured* in the event that he is subjected to excess liability by reason of the insurer's bad faith refusal to settle. In that event, the standards applicable to third-party claims would govern the action, although it was brought by the insured, rather than a third-party assignee.

This action was brought by the assignees of the insured's third-party claim against

his insurer. In third-party cases, we have held that the duty of good faith and fair dealing requires that an insurer give "equal consideration" to the interests of its insured in deciding whether to accept an offer of settlement. *Henderson,* 82 Ariz. at 338–39, 313 P.2d at 406. This court set out factors to be considered by the trier of fact in a third-party bad faith claim:

(1) the strength of the injured claimant's case on the issues of liability and damages;

(2) attempts by the insurer to induce the insured to contribute to a settlement;

(3) failure of the insurer to properly investigate the circumstances so as to ascertain the evidence against the insured;

(4) the insurer's rejection of advice of its own attorney or agent;

(5) failure of the insurer to inform the insured of a compromise offer;

(6) the amount of financial risk to which each party is exposed in the event of a refusal to settle;

(7) the fault of the insured in inducing the insurer's rejection of the compromise offer by misleading it as to the facts; and

(8) any other factors tending to establish or negate bad faith on the part of the insurer.

*General Accident Fire & Life Assur. Corp. v. Little,* 103 Ariz. 435, 439, 443 P.2d 690, 694 (1968), quoting *Brown v. Guarantee Ins. Co.,* 155 Cal.App.2d 679, 689, 319 P.2d 69, 75 (1957). In our case, the trial court's instruction on the law of *third-*party bad faith claims was based on the factors enumerated in *Little.*

State Farm's requested "fairly debatable" instruction is based on case law involving *first-*party coverage, in which insureds brought actions against their own insurers alleging bad faith refusal to pay valid claims. Discussing the standard of care in first-party cases, we stated that "an insurance company may still challenge [first-party] claims which are fairly debatable. The tort of bad faith arises when the insurance company intentionally denies, fails to process or pay a claim without a reasonable

basis for such action." *Noble,* 128 Ariz. at 190, 624 P.2d at 868.

Both first- and third-party bad faith claims derive from the same duty—the duty of good faith and fair dealing. *See Noble,* 128 Ariz. at 189–90, 624 P.2d at 867–68; *Trus Joist Corp. v. Safeco Ins. Co.,* 153 Ariz. 95, 103, 735 P.2d 125, 133 (App.1987). However, the two actions involve different factual circumstances and distinct considerations for the insurer. Because of the distinctions between first- and third-party bad faith claims, the applicable standards of conduct differ. We pause to examine the nature of each type of claim. Ordinarily, the first-party claim involves a coverage dispute between insurer and insured. There, the insurer must not thwart in bad faith the insured's reasonable expectations under the policy. First-party claims do not involve the insurer in defending a legal action brought by a third party that could result in financial ruin of its insured. The third-party claim includes the added risk of subjecting the insured to liability in excess of the policy limits because of the insurer's bad faith refusal to settle within those limits. The insurer takes on the additional responsibility of defending the claim, and typically has exclusive authority to accept or reject offers of settlement. *See* Note, *Bad Faith Refusal to Pay First-Party Insurance Claims: A Growing Recognition of Extra-Contract Damages,* 64 N.C.L.Rev. 1421, 1429–30 n. 2 (1986). The differences between first- and third-party coverage are so great that some jurisdictions refuse to recognize the first-party action, but allow the third-party claim. *See, e.g., Spencer v. Aetna Life & Cas. Ins. Co.,* 227 Kan. 914, 922–26, 611 P.2d 149, 155–58 (1980); *Lawton v. Great Southwest Fire Ins. Co.,* 118 N.H. 607, 613, 392 A.2d 576, 580–81 (1978). The Supreme Court of New Hampshire noted:

"The dilemma presented by the absolute control of trial and settlement vested in the insurer by the insurance contract and the conflicting interests of the insurer and insured" in the third-party claim requires that the insurer recognize the conflict and give due regard to the interests

of the insured. *Dumas v. State Mut. Auto. Ins. Co.*, [111 N.H. 43, 46, 274 A.2d 781, 783 (1971)]. This dilemma is lacking in the first-party claim. The insurer is not in a position to expose the insured to a judgment in excess of the policy limits through its unreasonable refusal to settle a case, nor is it in a position to otherwise injure the insured by virtue of its exclusive control over the defense of the case.

*Lawton*, 118 N.H. at 614, 392 A.2d at 581. Although we disagree with these courts, in that we allow a tort action for bad faith in the context of first-party coverage, we recognize the distinct interests involved in the two types of actions.

■ The duty to accept reasonable settlements in third-party situations and the duty not to withhold payment of first-party claims "are merely two different aspects of the same duty." *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 573, 510 P.2d 1032, 1037, 108 Cal.Rptr. 480, 485 (1973). However, because the risk to the insured and the responsibilities of the insurer are distinguishable in first- and third-party claims, the applicable standard of conduct is necessarily different. In a first-party situation the insurer breaches the implied duty of good faith and fair dealing if it (1) acts unreasonably towards its insured, and (2) acts knowingly or with reckless disregard as to the reasonableness of its actions. We have stated that this standard permits an insurer to challenge a claim that is "fairly debatable," but have upheld jury instructions failing to include that particular term. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 538, 647 P.2d 1127, 1136 (1982). The insurer breaches its duty when it fails to process or denies a claim without a reasonable basis for doing so. The requested instruction expresses the standard of reasonableness required of insurers in first-party cases. *Rawlings*, 151 Ariz. at 156, 726 P.2d at 572.

■ In third-party cases, determining whether the insurer has acted in bad faith by refusing to settle a claim brought by a third party requires "equal consideration of the comparative hazards...." *Little*, 103 Ariz. at 443, 443 P.2d at 698. This standard of reasonableness requires that the insurer consider various factors, one of which is the relative strength of the claim by the third party against the insured. Although the debatability of the claim may be in issue as to liability and damages, the debatability of the claim is not determinative; the insurer must also weigh other considerations, such as the financial risk to the insured in the event of a judgment in excess of the policy limits: "In determining whether an insurer has given consideration to the interests of the insured, the test is whether a prudent insurer without policy limits would have accepted the settlement offer." *Crisci v. Security Ins. Co.*, 66 Cal.2d 425, 429, 426 P.2d 173, 176, 58 Cal. Rptr. 13, 16 (1967).

Thus, an insurer owes its insured the same duty of good faith and fair dealing in both first- and third-party actions. *See Trus Joist.* The standard for determining whether the insurer has breached its duty, however, is different in the two types of cases because of the different relationships and duties that exist between the parties. In third-party actions, the insurer exclusively controls settlement and the insured bears a disproportionate share of the risk if the insurer fails to accept a reasonable settlement offer within policy limits. The insured faces personal liability for an award exceeding policy limits, while the insurer's potential liability remains constant at policy limits. Therefore, although the "fairly debatable" standard sufficiently protects both parties' interests in first-party actions, it inadequately protects the insured's interests in third-party actions.

■ As previously stated, in third-party bad faith actions, the trier of fact must decide whether the insurer considered the insured's interests equally with its own interests. The trier of fact measures the extent of the insurer's consideration of many factors, including the strength of the third party's claim. Although the specific instruction State Farm requested is proper for a first-party action, for third-party equal consideration analysis the instruction gives undue weight to a single factor. The

trial court properly instructed the jury as to the duty and standard of conduct in third-party bad faith claims for failure to accept reasonable settlement offers. We find no error in the trial court's refusal to give State Farm's requested "fairly debatable" instruction in this third-party action.

*Conclusion*

We hold that in a third-party bad faith claim based on an insurer's refusal to accept a settlement offer within the policy limits, a "fairly debatable" instruction is improper. Such an instruction defines the standard of conduct applicable to first-party claims. The opinion of the court of appeals is vacated in part. We did not grant review of that court's holding that a bad faith claim for punitive damages may properly be assigned. The judgment of the trial court is affirmed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.