52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leonard FEDERICO, Plaintiff-Appellant,
v.
CONTINENTAL CASUALTY COMPANY, A DIVISION OF CNA INSURANCE
COMPANIES, an Illinois corporation, Defendant-Appellee.
 No. 93-16683.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1995.*
Decided April 18, 1995.
 
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonard Federico appeals the district court's order granting summary judgment in favor of Continental Casualty Company (CNA) on the issue of insurance coverage. He also appeals the district court's order granting summary judgment in favor of CNA on the issues of bad faith and punitive damages. We affirm in part and reverse and remand in part.
 
 DISCUSSION
 
 3
 1. According to Arizona law, a court may look to extrinsic evidence to determine the parties' intent in forming the contract. See Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., 682 P.2d 388, 398 (Ariz.1984). Putting this rule into practice means that a court "first considers the offered evidence and, if he or she finds that the contract language is 'reasonably susceptible' to the interpretation asserted by its proponent, the evidence is admissible to determine the meaning intended by the parties." Taylor v. State Farm Mut. Auto. Ins. Co., 854 P.2d 1134, 1140 (Ariz.1993). This rule applies whether the insured or the insurer is seeking to present the parol evidence. See American Nat'l Fire Ins. Co. v. Esquire Labs, 694 P.2d 800, 811 (Ariz.App.1985). However, the insurer has a greater burden because the policy is its. See id.
 
 
 4
 The language of the insurance policy is "reasonably susceptible" to the meaning Federico asserts--that it covered accidental injuries that did not result in death. The policy has no title which limits it to accidental death. The "Comprehensive Coverage Description" looks very general and the insured would have to understand that the provision refers only to the prior heading "Accidental Death Benefit," even though nothing intrinsically shows it is subordinate thereto. Also, if only accidental death is contemplated, the Uniform Provisions clauses contradict that limitation. They discuss payment for benefits "other than for loss of life" and require that the insured submit to reasonable physical examinations during the pendency of a claim, a grisly demand to make upon a dead insured.
 
 
 5
 Even though the policy contains contradictory provisions, Arizona no longer follows the rule that ambiguous insurance contracts should be automatically construed against the insurer. See Arizona Property & Casualty Ins. Guar. Fund v. Helme, 735 P.2d 451, 456-57 (Ariz.1987). Instead, courts "prefer ... to determine the meaning of a clause which is subject to different interpretations or constructions by examining the purpose of the clause, public policy considerations, and the transaction as a whole." Id. at 457; see also Transamerica Ins. Group v. Meere, 694 P.2d 181, 185 (Ariz.1984). The district court did not properly apply this rule. It did not consider public policy at all. Further, the district court misinterpreted the law when it interpreted the terms of the policy. The district court, citing Darner, found that "isolated, somewhat inconsistent, form language relating to claim processing issues does not change the benefits otherwise payable under the contract." It is true that Darner specifically states that inapplicable boilerplate language will not be given effect to change the contract agreed upon by the parties. See Darner, 682 P.2d at 399. However, Darner 's refusal to give effect to the boilerplate terms operated in favor of the insured; it did not serve to strip him of coverage. We find it highly unlikely that Arizona would relieve CNA from the obligations of terms that it inserted into the contract. Adhesion contracts are not usually construed to give relief to the adhesor.
 
 
 6
 Some Arizona courts have discussed the special problems of adhesion contracts. See Broemmer v. Abortion Servs., 840 P.2d 1013, 1015 (Ariz.1992). Those courts have held that "[c]ontracts of adhesion will not be enforced unless they are conscionable and within the reasonable expectations of the parties." Id. at 1018. In addition, even unambiguous boilerplate terms in standard insurance contracts have been held unenforceable in limited situations. See Gordinier v. Aetna Casualty & Sur. Co., 742 P.2d 277, 283-84 (Ariz.1987). It would stand Arizona boilerplate and adhesion law on its head were we to hold that the provisions can be stricken at the behest and for the benefit of the insurance company. Rather, the language of the policy itself subtends a reasonable expectation that coverage might include injury. The ambiguity created by the uniform provisions should not be resolved in favor of the party that placed them in the contract to begin with. Thus, we must look to the extrinsic evidence which is offered to show that the policy does not cover accidental injury. See Taylor, 854 P.2d at 1140.
 
 
 7
 The extrinsic evidence that supports Federico's interpretation consists of his recollections and his assertions that he was told that the policy covered accidental injury as well as death. CNA submitted evidence that he was not so informed. That is enough to establish a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Therefore Federico was entitled to present his extrinsic evidence to the jury.
 
 
 8
 2. An insurance company acts in bad faith if it "(1) acts unreasonably towards its insured, and (2) acts knowingly or with reckless disregard as to the reasonableness of its actions." Clearwater v. State Farm Mut. Auto. Ins. Co., 792 P.2d 719, 723 (Ariz.1990). This standard "permits an insurer to challenge a claim that is 'fairly debatable.' " Id. Federico presents no evidence that CNA did not have a reasonable basis for denying his claim, and the evidence itself demonstrates that the policy contains contradictory language that does, on one reading, lend itself to the interpretation that it covered only accidental death. Federico argues only that a summary judgment motion for bad faith or punitive damages must be denied if a reasonable jury "could find" for the insured. But Federico presents no evidence that a jury could rely upon to find that CNA acted unreasonably or with reckless disregard.
 
 
 9
 Federico also argues that the summary judgment motion was improperly granted because he did not have enough time to conduct discovery on the issue of bad faith. However, Federico did not explain what facts he wished to uncover in the depositions he wished to take, when they would be completed, or how much time he needed. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986). Federico never asked the district court for a continuance in accordance with Federal Rule of Civil Procedure 56(f); instead he merely argued that summary judgment would be premature.
 
 
 10
 3. CNA seeks attorney fees under Arizona Revised Statute section 12-341.01. That statute provides for an award of reasonable attorney fees to a successful litigant in a contract action. However, an award of attorney fees at this stage would be premature. See Hellon & Assocs., Inc. v. Phoenix Resort Corp., 958 F.2d 295, 300 (9th Cir.1992).
 
 
 11
 The district court's order granting summary judgment on the issue of coverage is REVERSED and REMANDED. The district court's order granting summary judgment on the issues of bad faith and punitive damages is AFFIRMED. The parties shall bear their own costs on appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3