**SAFEWAY INSURANCE COMPANY, a foreign company, Plaintiff-counter-defendant—Appellee,**

v.

**Steven Duane BOTMA; Patricia A. Himes, individually and as guardian/conservator of Holly Lyn Castano, an incapacitated adult, Defendants-counter-claimants—Appellants.**

No. 03–16020.

D.C. No. CV–00–00553–RCB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2005.

Decided April 7, 2005.

Michael L. Gallagher, Donald B. Petrie, Gallagher & Kennedy, P.A., Joel W. Nomkin, Paul F. Eckstein, Christopher S. Coleman, Perkins Coie Brown & Bain, PA, Phoenix, AZ, for Plaintiff-counter-defendant—Appellee.

John A. Michaels, Michael A. Beale, Beale & Michaels, Charles D. Roush, Roush McCracken Guerrero Miller & Ortega, Phoenix, AZ, Stanley G. Feldman, Traci L. Riccitello, Haralson Miller Pitt Feldman & McAnally, PLC, Tucson, AZ, for Defendants-counter-claimants—Appellants.

Before WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Botma and Himes appeal from the district court's summary judgment in favor of Safeway Insurance Company (Safeway) on the issue of bad faith. We affirm.

Several factors of the eight-part "equal consideration" test set forth in *Clearwater* v. *State Farm Mut. Auto. Ins. Co.*, 164 Ariz. 256, 792 P.2d 719, 722–23 (1990) support the district court's summary judgment. There is no evidence that Safeway attempted to induce Botma to contribute to a settlement or to reject an offer, nor did Safeway reject the advice of its own attorney or agent. *See id.* at 722. In addition, Safeway reasonably attempted to contact Botma shortly after receiving the first settlement offer.

Furthermore, the final factor of the *Clearwater* test indicates that the court should consider "any other factors tending to establish or negate bad faith on the part of the insurer." *Id.* Here, Himes' counsel, Guerrero, specifically stated in his first communication to Safeway that it "should not settle any claims arising from this accident." In addition, the parties do not dispute that Safeway did not receive documentation of Castano's medical condition until Guerrero made the first settlement offer in October of 1995, despite Safeway's request for such documentation almost a year earlier. Furthermore, although Himes needed to obtain a waiver of a government medical lien before settling, Guerrero did not apply for the waiver until December of 1995, approximately fourteen months after the car accident.

In sum, although there was a substantial delay between the time that Safeway was put on notice of Botma's liability and the date of the first settlement offer, the lag was largely attributable to Himes' delay in forwarding medical records and securing the requisite waiver. Once the first offer was made, Safeway responded promptly and sought to protect Botma's interests by attempting a global settlement.

We therefore conclude Botma and Himes have failed to raise a material issue

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of fact as to whether Safeway gave "equal consideration" to Botma's interests, and judgment as a matter of law for Safeway was proper. The expert and witness testimony proffered by Botma do not undermine this conclusion. Even if Safeway had a policy of delaying payment of claims, and even if Safeway's failure to make a settlement offer promptly was contrary to industry customs, Safeway had reasonable grounds for not making an offer before December of 1995.

Summary judgment for Safeway is AFFIRMED; Safeway's request for an award of appellate counsel's fees is DENIED.

