Robert **POFFENBARGER** and Clareen **Poffenbarger, Plaintiffs,**

v.

**HAWAII MANAGEMENT ALLIANCE ASSOCIATION, dba HMAA, a Hawaii Nonprofit Corporation; Hawaii–Western Management Group, Inc., dba HWMG, a Foreign Profit Corporation; John Does 1–10; Jane Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; and Doe Governmental Entities 1–10, Defendants.**

Civil No. 12–00172 LEK–KSC.

United States District Court, D. Hawai'i.

Aug. 31, 2012.

Jan K. Apo, Wailuku Executive Center, Mark D. Reck, Law Offices of Jan K. Apo, Wailuku, HI, for Plaintiffs.

Jesse John Thomas Smith, Kenneth J. Mansfield, William C. McCorriston, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI, for Defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT

LESLIE E. KOBAYASHI, District Judge.

Before the Court is Plaintiffs Robert Poffenbarger's and Clareen Poffenbarger's ("Plaintiffs") Motion to Remand to State Court ("Motion"), filed on April 27, 2012. Defendants Hawaii Management Alliance Association, doing business as HMAA, a Hawaii Nonprofit Corporation ("HMAA"), and Hawaii–Western Management Group, Inc., doing business as HWMG, a Foreign Profit Corporation ("HWMG", collectively "Defendants"), filed their memorandum in opposition on July 27, 2012, and Plaintiffs filed their reply on August 6, 2012. This matter came on for hearing on August 20, 2012. Appearing on behalf of Plaintiffs was Mark Reck, Esq., and appearing on behalf of Defendants was Kenneth Mansfield, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

Plaintiffs filed their Complaint in the instant action in state court on March 6, 2012. [Notice of Removal, filed 3/29/12, Exh. A (dkt. no. 1–2) at 5–18.] According to the Complaint, on December 1, 2010, Clareen Poffenbarger submitted an Enrollment Application for healthcare coverage through HMAA. Her employer, Jaro Baranik, doing business as La Boheme ("Baranik") submitted the application to HMAA. HMAA issued Clareen Poffenbarger a member identification card for coverage effective January 1, 2011 pursuant to an employee health and welfare benefit plan ("the Plan"). Clareen Poffenbarger maintained her employment and paid her premiums, as required to maintain her coverage. [Complaint at ¶¶ 9–14.]

On February 21, 2011, Clareen Poffenbarger was diagnosed with a brain tumor. She received treatment at Maui Memorial Medical Clinic ("MMMC") from February 21, 2011 to March 6, 2011, Stanford Medical Center ("Stanford") from March 7, 2011 to March 30, 2011, and Santa Clara Valley Medical Center ("SCVMC") from March 30, 2011 to June 1, 2011. On June 1, 2011, Clareen Poffenbarger returned home to Maui, where she received home health care through Hale Makua. HMAA authorized all of her treatment at MMMC, Stanford, and SCVMC, as well as her treatment through Hale Makua until June 30, 2011. [Id. at ¶¶ 16–21, 24–27, 29–30.]

During Clareen Poffenbarger's treatment at Stanford, HMAA began a review of her eligibility. HMAA sent Clareen

Poffenbarger a letter dated May 16, 2011 verifying her coverage through June 30, 2011. [*Id.* at ¶¶ 22–23.] On June 3, 2011, HMAA issued her a Certificate of Group Coverage stating that her coverage began on January 1, 2011 and would end on June 30, 2011. [*Id.* at ¶ 28.]

On June 23, 2011, HMAA issued a letter rescinding Clareen Poffenbarger's coverage effective January 1, 2011. HWMG's Research & Investigation and Subrogation Supervisor signed the letter as HMAA's Third Party Administrator. Plaintiffs submitted a timely appeal to HMAA on September 2, 2011. HMAA issued a letter, dated October 19, 2011, upholding the rescission. HWMG's Customer Service Administrator signed the letter as HMAA's Third Party Administrator. [*Id.* at ¶¶ 31–35.]

The Complaint alleges the following claims: insurance bad faith against HMAA ("Count I"); violations of Hawai'i Revised Statutes Chapter 480 by HMAA and HWMG ("Count II"); breach of fiduciary duty by HMAA ("Count III"); breach of contract by HMAA and HWMG ("Count IV"); negligent misrepresentation by HMAA ("Count V"); negligent infliction of emotional distress ("NIED") against HWMG ("Count V");[1] NIED against HMAA ("Count VI"); and a claim based on HMAA's vicarious liability ("Count VII"). The Complaint seeks: general and special damages; treble damages pursuant to Haw.Rev.Stat. § 480–13; punitive damages; fees and costs; and any other legal and/or equitable relief the Court deems appropriate.

Defendants filed their Notice of Removal on March 29, 2012, based on federal question jurisdiction. Defendants assert that Plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

### I. *Motion*

In the instant Motion, Plaintiffs argue that all of their claims arise under state common law or state statutes and that ERISA does not preempt their claims. Plaintiffs argue that, because Defendants unilaterally rescinded the insurance contract, Defendants are estopped from claiming that the case involves an insurance contract subject to ERISA.

In addition, Plaintiffs argue that their claims are exempt from preemption pursuant to 29 U.S.C. § 1144(b)(5) because Clareen Poffenbarger obtained the Plan pursuant to the Hawaii Prepaid Health Care Act ("HPHCA").[2] Plaintiffs argue that, because Clareen Poffenbarger was entitled to the Plan pursuant to the HPHCA, and this right is the basis of Plaintiffs' action, ERISA preemption does not apply.

Plaintiffs acknowledge that the Hawai'i Supreme Court has recognized that the exemption does not apply to all claims related to employee benefit plans which employers maintain to comply with the HPHCA. [Mem. in Supp. of Motion at 9 (citing *Garcia v. Kaiser Found. Hosps.*, 90 Hawai'i 425, 435, 978 P.2d 863, 873 (1999)).] Plaintiffs, however, argue that *Garcia* is distinguishable because that case involved an action for monetary damages for the denial of benefits. Plaintiffs contend that the issue in their case is whether Clareen Poffenbarger was entitled to the Plan in the first instance.

Plaintiffs also argue that, even pursuant to Ninth Circuit case law, ERISA does not preempt their claims. Plaintiffs argue that the Ninth Circuit uses a "relationship test" to determine whether ERISA pre-

---

1. Plaintiffs' Complaint contains two claims identified as Count V.

2. Hawai'i Revised Statutes Chapter 393 governs the HPHCA.

emption applies. [*Id.* at 10 (citing *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355 (9th Cir.1997)).] Plaintiffs assert that state laws which encroach upon relationships that ERISA regulates are preempted, but ERISA does not preempt claims based upon relationships in which the plan operates as any other commercial entity. [*Id.* at 10–11.] Plaintiffs argue that their claims are based upon contract and tort case law, as well as Chapter 480, and these are laws of general application which do not necessarily affect ERISA relationships. Plaintiffs emphasize that the merits of their claims will not require a determination of the contents, administration, creation, operation, or failure of the Plan.

Finally, Plaintiffs argue that their claims are outside of the scope of 29 U.S.C. § 1132. Plaintiffs are not seeking to recover Clareen Poffenbarger's benefits or rights under the Plan, nor are they seeking an injunction or other equitable relief to redress ERISA violations. Plaintiffs argue that the United States Supreme Court has held that § 1132(a)(3)(B) only authorizes claims for typical equitable relief, not claims that essentially seek compensatory damages. [*Id.* at 15.] Plaintiffs seek compensatory remedies and therefore ERISA preemption does not apply.

Plaintiffs urge the Court to grant the Motion and remand the case to the state court.

## II. *Memorandum in Opposition*

In their memorandum in opposition, Defendants state that Clareen Poffenbarger did not disclose any conditions or symptoms in her Enrollment Application. [Mem. in Opp., Decl. of Paul Kaiser ("Kaiser Decl."), Exh. A (Clareen Poffenbarger's Enrollment Application).[3]] HMAA

states that, after its investigation, it rescinded Clareen Poffenbarger's coverage because she failed to disclose symptoms related to her later brain tumor diagnosis. Defendants argue that all of Plaintiffs' claims arise out of the allegedly wrongful rescission of the Plan, and ERISA preempts all of Plaintiffs' state law claims. [Mem. in Opp. at 2–3.]

Defendants argue that, although Plaintiffs have only pled state law claims, this case is subject to an exception to the well-pleaded complaint rule because of the ERISA enforcement scheme. Defendants argue that the Plan is clearly subject to ERISA because Clareen Poffenbarger's employer sponsored the Plan, provided a statement of rights under ERISA, and provided for an appeals process governed by ERISA. [*Id.* at 5–6 (citing Kaiser Decl., Exh. B (Group Services Agreement between Baranik and HMAA)).] Defendants argue that Plaintiffs have not provided any case law supporting Plaintiffs' argument that the rescission of Clareen Poffenbarger's Plan renders ERISA inapplicable. Further, the right of rescission arises under ERISA where the parties entered into an insurance contract based on false representations about health status, and federal courts have asserted jurisdiction over claims that the insurer wrongfully rescinded plans issued based on those representations. [*Id.* at 6–9 (some citations omitted) (citing *Sec'y Life Ins. Co. of Am. v. Meyling*, 146 F.3d 1184, 1191–93 (9th Cir.1998) (per curiam); *Werdehausen v. Benicorp Ins. Co.*, 487 F.3d 660, 663 (8th Cir.2007)).] Defendants note that *Werdehausen* recognized that retroactive rescission for innocent material non-disclosures was permissible, but is not required, and the insurer is still subject to ERISA's

---

**3.** Defendants' unredacted copy of Clareen Poffenbarger's Enrollment Application attached to the memorandum in opposition is

sealed. Defendants filed a redacted version on July 27, 2012. [Dkt. no. 20.]

fiduciary obligations. The Eighth Circuit remanded for a determination whether the insurer should have adjusted the premium instead of rescinding the insurance contract. [*Id.* at 9 (citing *Werdehausen*, 487 F.3d at 665–67).] Defendants argue that Plaintiffs' claims all arise from the rescission of the Plan, and Plaintiffs are actually seeking the right to recover benefits under the Plan. Thus, their claims are preempted by ERISA.

Defendants next argue that the Supreme Court's complete preemption doctrine applies because Plaintiffs could have brought their claims under ERISA § 502(a)(1)(B). Clareen Poffenbarger was a participant in an ERISA plan, and Plaintiffs' claims arise from an allegedly unlawful rescission and denial of benefits. [*Id.* at 10–11 (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 211, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)).] Further, all of Plaintiffs' claims relate to an ERISA employee benefit plan, and Plaintiffs seek remedies that are not authorized under ERISA's civil enforcement scheme. [*Id.* at 16.] Defendants also argue that the relationship test Plaintiffs rely upon may not be applicable after *Davila*. Even if the relationship test is still applicable, Defendants contend that *Geweke* is distinguishable on its facts. [*Id.* at 16 n. 3.]

Defendants argue that each of Plaintiffs' claims either has an impermissible relationship with an ERISA plan or conflicts with ERISA's civil enforcement scheme. Insurance bad faith seeks general and punitive damages, which are not available under ERISA. Further, insurance bad faith has its roots in general contract law and is therefore not aimed directly at entities engaged in the insurance business. [*Id.* at 17–18.] Although Count I relies on several Hawai'i statutes, they are either irrelevant or are not directed specifically at entities in the insurance business. In addition, Plaintiffs' Chapter 480 claim is

completely preempted because Chapter 480 is not directed at entities in the insurance business, and it provides for remedies not allowed under ERISA. Plaintiffs' tort and breach of contract claims are also preempted because tort and contract law provide for remedies not allowed under ERISA. [*Id.* at 19–20.] Finally, Defendants argue that Plaintiffs' Complaint does not rely on the HPHCA. Moreover, the HPHCA does not provide for a private right of enforcement, and the Hawai'i Supreme Court has held that the HPHCA does not prevent the application of ERISA preemption. [*Id.* at 21 (citing *Garcia v. Kaiser Foundation Hospitals*, 90 Hawai'i 425, 433, 978 P.2d 863, 871 (1999)).]

Defendants therefore urge the Court to deny the Motion.

### III. *Reply*

In their reply, Plaintiffs argue that their claims do not have a connection with or a reference to an ERISA plan. They emphasize that their claims do not require an interpretation of the Plan, nor do their claims seek payment or reinstatement of benefits. Plaintiffs assert that an award of damages will not affect Plaintiffs' relationship with the Plan.

Plaintiffs further argue that *Davila* does not apply because Defendants owed Plaintiffs a duty of to provide a benefit plan mandated by Hawai'i law. The cancellation of the Plan violated a duty independent of ERISA. Further, insofar as Plaintiffs seek monetary damages that are unavailable under ERISA, ERISA does not preempt their claims. [Reply at 6.]

### STANDARD

Defendants removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446. [Notice of Removal at 3–4.] Section 1441(a) provides, in pertinent part:

(a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

. . . .

(c) Joinder of Federal law claims and State law claims.—(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441. Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir.2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. *See*

*California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.2004).

### DISCUSSION

 Plaintiffs' Complaint does not expressly allege any federal claims. Generally, the well-pleaded complaint rule would preclude federal jurisdiction such a case.

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *Peabody Coal [Co. v. Navajo Nation]*, 373 F.3d [945,] 949 [ (9th Cir.2004) ] (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated. *Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009).

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir.2011). "One exception to the statutory 'well-pleaded complaint' rule is when Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (some citations omitted) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).

Defendants assert that there is federal question jurisdiction over the instant case because ERISA preempts all of Plaintiffs' claims. The Ninth Circuit has stated:

"There are two strands of ERISA preemption: (1) 'express' preemption under ERISA § 514(a), 29 U.S.C. § 1144(a); and (2) preemption due to a 'conflict' with ERISA's exclusive remedial scheme set forth in [ERISA § 502(a),] 29 U.S.C. § 1132(a)." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir.2009) (citing *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir.2005)), *cert. denied,* —— U.S. ——, 130 S.Ct. 1053, 175 L.Ed.2d 882 (2010). [The federal Health Insurance Portability and Accountability Act ("HIPAA") ] contains an additional express preemption provision relevant here: ERISA § 731(a), 29 U.S.C. § 1191(a), which is described in greater detail below.

All of these preemption provisions defeat state-law causes of action on the merits. *See, e.g., Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 57, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (§ 514(a) preemption); *Cleghorn,* 408 F.3d at 1227 (§ 502(a) preemption). Conflict preemption under ERISA § 502(a), however, also confers federal subject matter jurisdiction for claims that nominally arise under state law. *See, e.g., Marin Gen.* [*Hosp. v. Modesto & Empire Traction Co.*], 581 F.3d [941,] 945 [ (9th Cir. 2009) ]. Ordinarily, federal question jurisdiction does not lie where a defendant contends that a state-law claim is preempted by federal law. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); *Marin Gen.,* 581 F.3d at 945. But state-law claims may be removed to federal court if the "complete preemption" doctrine applies. *Marin Gen.,* 581 F.3d at 945; *see also Davila,* 542 U.S. at 207–08, 124 S.Ct. 2488. Relevant to this case, ERISA § 502(a) " 'set[s] forth a comprehensive civil enforcement scheme' " that completely preempts state-law " 'causes of action within the scope of th[es]e civil enforcement provisions. . . . ' " *Davila,*

542 U.S. at 208–09, 124 S.Ct. 2488 (quoting *Metro. Life,* 481 U.S. at 66, 107 S.Ct. 1542; *Pilot Life,* 481 U.S. at 54, 107 S.Ct. 1549; *see also Marin Gen.,* 581 F.3d at 945.

Following *Davila,* we have distilled a two-part test for determining whether a state-law claim is completely preempted by ERISA § 502(a): "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.' " *Marin Gen.,* 581 F.3d at 946 (alteration omitted) (quoting *Davila,* 542 U.S. at 210, 124 S.Ct. 2488). Because this "two-prong test . . . is in the conjunctive[,] [a] state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Id.* at 947; *see also Montefiore Med. Ctr. v. Teamsters Local 272,* 642 F.3d 321, 328 (2d Cir.2011) (noting that *Davila* test is conjunctive). Both *Davila* and *Marin General Hospital* discussed complete preemption by reference to § 502(a)(1)(B) but not the other subparts of § 502(a). The complete preemption doctrine applies to the other subparts of § 502(a) as well. *See Metro. Life,* 481 U.S. at 66, 107 S.Ct. 1542 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court."); *Sorosky v. Burroughs Corp.,* 826 F.2d 794, 799 (9th Cir.1987) (holding that complete preemption "is applicable to the section 502(a)(3) claims alleged in this case").

Express preemption under ERISA § 514 is also governed in relevant part by a two-prong test. Under § 514(a), ERISA broadly preempts "any and all State laws insofar as they may now or

hereafter relate to any [covered] employee benefit plan...." 29 U.S.C. § 1144(a). But this broad preemption provision is tempered by a savings clause in § 514(b), which spares "any law of any State which regulates insurance, banking, or securities." *Id.* § 1144(b)(2)(A). "To fall under the savings clause, a regulation must satisfy a two-part test laid out in *Kentucky Ass'n of Health Plans, Inc. v. Miller,* 538 U.S. 329, 342, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003)." *Standard Ins. Co. v. Morrison,* 584 F.3d 837, 842 (9th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 3275, 176 L.Ed.2d 1182 (2010). " 'First, the state law must be specifically directed toward entities engaged in insurance.' " *Id.* (quoting *Ky. Ass'n of Health Plans,* 538 U.S. at 342, 123 S.Ct. 1471). Second, "it 'must substantially affect the risk pooling arrangement between the insurer and the insured.' " *Id.* (quoting *Ky. Ass'n of Health Plans,* 538 U.S. at 342, 123 S.Ct. 1471).

In addition to these generally applicable preemption provisions, ERISA also contains a HIPAA-specific preemption clause. Under that clause, federal HIPAA does not "supersede any provision of State law which establishes, implements, or continues in effect any standard or requirement solely relating to health insurance issuers in connection with group health insurance coverage except to the extent that such standard or requirement prevents the application of a requirement of" federal HIPAA. 29 U.S.C. § 1191(a)(1). The provision's plain terms appear to permit "state laws that are, generally speaking, more favorable to the insured." *Plumb v. Fluid Pump Serv., Inc.,* 124 F.3d 849, 862 n. 10 (7th Cir.1997) (dictum); *accord* H.R. Rep. No. 104–736, at 205 (1996), 1996 U.S.C.C.A.N. 1990, 2018 (Conf. Rep.) (noting that HIPAA's drafters "intend the narrowest preemption," and to allow "[s]tate laws which are broader than federal requirements").

*Fossen v. Blue Cross & Blue Shield of Mont., Inc.,* 660 F.3d 1102, 1107–08 (9th Cir.2011) (footnotes omitted) (some alterations in Fossen).

## IV. *Express Preemption*

■■■ The Court will first address Defendants' argument that ERISA expressly preempts Plaintiffs' claims. ERISA § 514 (29 U.S.C. § 1144), governs express preemption. It states, in pertinent part:

(a) Supersedure; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

(b) Construction and application

. . . .

(2)(A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

(B) Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate

insurance companies, insurance contracts, banks, trust companies, or investment companies.

. . . .

(5)(A) Except as provided in subparagraph (B), subsection (a) of this section shall not apply to the Hawaii Prepaid Health Care Act (Haw.Rev. Stat. §§ 393–1 through 393–51).

(B) Nothing in subparagraph (A) shall be construed to exempt from subsection (a) of this section—

(i) any State tax law relating to employee benefit plans, or

(ii) any amendment of the Hawaii Prepaid Health Care Act enacted after September 2, 1974, to the extent it provides for more than the effective administration of such Act as in effect on such date.

(C) Notwithstanding subparagraph (A), parts 1 and 4 of this subtitle, and the preceding sections of this part to the extent they govern matters which are governed by the provisions of such parts 1 and 4, shall supersede the Hawaii Prepaid Health Care Act (as in effect on or after January 14, 1983), but the Secretary may enter into cooperative arrangements under this paragraph and section 1136 of this title with officials of the State of Hawaii to assist them in effectuating the policies of provisions of such Act which are superseded by such parts 1 and 4 and the preceding sections of this part.

. . . .

Pursuant to § 1144,

A state law claim is preempted by ERISA if it has a "connection with" or a "reference to" an ERISA-governed benefit plan. *Metro. Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Stated another way, where "the existence of [an ERISA] plan is a critical factor in estab-

lishing liability" under a state cause of action, the state law claim is preempted. *See Ingersoll–Rand Co. [v. McClendon],* 498 U.S. [133,] 136, 139–40, 111 S.Ct. 478[, 112 L.Ed.2d 474 (1990) ] (holding state tort and contract claims were preempted under ERISA, although no ERISA cause of action was pleaded, because the essence of the wrongful-discharge suit was that the employer had discharged the plaintiff to avoid paying ERISA benefits). ERISA's preemption provision functions "even when the state action purport[s] to authorize a remedy unavailable under the federal provision." *Id.* at 144, 111 S.Ct. 478 (quoting *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 55, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). *Wise v. Verizon Commc'ns, Inc.,* 600 F.3d 1180, 1190–91 (9th Cir.2010) (some alterations in *Wise* ).

All of Plaintiffs' claims necessarily reference an ERISA-governed plan. Plaintiffs' claims challenge either whether Defendants were entitled to cancel her Plan or the manner in which they canceled the Plan. In *Wise,* the Ninth Circuit affirmed the dismissal of the plaintiff's state law claims against her employer, stating:

Wise's state law claims are preempted because her complaint necessarily references an ERISA plan. The state law theories of fraud, misrepresentation, and negligence all depend on the existence of an ERISA-covered plan to demonstrate that Wise suffered damages: the loss of insurance benefits. Because Wise must allege the existence of an ERISA plan to state her claims under Washington law, the claims are preempted. . . .

*Id.* at 1191. Similarly, in the instant case, Plaintiff's claims alleging insurance bad faith, Chapter 480 violations, breach of fiduciary duty, breach of contract, negligent misrepresentation, and vicarious liability allege that Plaintiffs suffered dam-

ages based upon Clareen Poffenbarger's loss of insurance benefits that she had under the ERISA-governed Plan. The section of the Complaint titled "DAMAGES" states, in pertinent part:

82. As a direct and proximate result of Defendants' wrongful conduct, acts, and/or omissions, Plaintiffs are financially responsible for all outstanding medical expenses incurred for Plaintiff Clareen's necessary treatment.

83. As a direct and proximate result of Defendants' wrongful conduct, acts, and/or omissions, Plaintiffs will be financially responsible for all future medical expenses incurred for Plaintiff Clareen's necessary continued treatment.

84. As a direct and proximate result of Defendants' wrongful conduct, acts, and/or omissions, Plaintiffs have suffered economic harm and will continue to suffer economic harm.

[Complaint at pg. 12.] Further, although Plaintiffs' NIED claims do not allege damages based on the loss of insurance benefits, Plaintiffs must still allege the existence of the ERISA-governed Plan to state their NIED claims. To the extent that all of these claims seek monetary damages, they seek relief that is not available under the ERISA enforcement scheme. Moreover, all of Plaintiffs' claims are premised upon the allegedly wrongful rescission of the Plan, which was based on Clareen Poffenbarger's allegedly false representations on her Enrollment Application. The Ninth Circuit has recognized that "ERISA must provide a rescission remedy when an insured makes material false representations regarding his health." *Sec. Life Ins.*

Co. of Am. v. Meyling, 146 F.3d 1184, 1191 (9th Cir.1998) (per curiam).

■ The Court also concludes that none of Plaintiffs' claims are subject to the savings clause, "which spares 'any law of any State which regulates insurance, banking, or securities.'" *Fossen,* 660 F.3d at 1108 (quoting § 1144(b)(2)(A)). Neither the Hawai'i common law governing bad faith, fiduciary duty, contract, misrepresentation, NIED, and vicarious liability nor Haw. Rev. Stat. Chapter 480 are specifically directed toward entities engaged in insurance. Further, although Plaintiffs' claims rely on generally applicable common law and statutes, the Ninth Circuit has held that such claims are preempted because they are based upon interference with the attainment of benefits. *See, e.g., Bast v. Prudential Ins. Co. of Am.,* 150 F.3d 1003, 1008 (9th Cir.1998) (noting that "notwithstanding ERISA's savings clause, we have held that insurance bad faith claims are preempted by ERISA" and holding that the plaintiffs' state law claims "arise out of Prudential's actions as the benefit plan administrator, not as an insurance company or insurance provider");[4] *Tingey v. Pixley–Richards W., Inc.,* 953 F.2d 1124, 1133 (9th Cir.1992) (holding that an Arizona tort claim alleging that the insurance company acted in bad faith and breached the duty of good faith and fair dealing is "flatly preempted by" *Pilot Life,* 481 U.S. 41, 107 S.Ct. 1549, and it "'arises from a breach of [a] duty ... implicit in all contracts'" (alterations in *Tingey* ) (quoting *Clearwater v. State Farm Mut. Auto. Ins. Co.,* 164 Ariz. 256, 792 P.2d 719, 721 (1990))).

---

**4.** In *Bast,* the plaintiffs' complaint "alleged causes of action for breach of contract, loss of consortium, loss of income, emotional distress, breach of the duty of good faith and fair dealing, violation of the Washington Consumer Protection Act and the Washington Insurance Code, and ERISA." 150 F.3d at 1006.

The Ninth Circuit affirmed the district court's order granting summary judgment to the insurance company and dismissing the complaint with prejudice. The Ninth Circuit held, *inter alia,* that all of the state law claims were preempted by ERISA. *Id.* at 1006, 1011.

■ It would thus appear that § 1144(a) would expressly preempt all of Plaintiffs' claims because their Complaint necessarily references an ERISA plan. *See Wise*, 600 F.3d at 1191. ERISA's general preemption pursuant to § 1144(a), however, does not apply to the HPHCA. § 1144(b)(5)(A). Section § 1144(b)(5)(C) contains a further exception to the "Hawaii exception to the ERISA preemption[.]" *Snider v. Crimson Enters., Inc.*, 768 F.Supp. 734, 739 (D.Hawai'i 1991); *see also infra* page 1297 (quoting § 1144(b)(5)(C)). Section 1144 is part of Subtitle B, which addresses "Regulatory Provisions". Part 1 of Subtitle B addresses "Reporting and Disclosure", and Part 4 addresses "Fiduciary Responsibility". Thus, irrespective of the HPHCA, ERISA preemption still applies to claims regarding the reporting and disclosure duties and the fiduciary responsibilities imposed by ERISA.

Plaintiffs' Count II (violations of Chapter 480) alleges, in pertinent part:

HMAA failed to disclose and/or concealed important material information from consumers, including Plaintiffs, including but not limited to the following:

 a. That once an application was submitted and approved by HMAA, a paid healthcare coverage policy could be rescinded after a six month period.

 b. That payment could be refused for treatment that was previously authorized by HMAA.

 c. That the appeal process provided by HMAA was futile and biased in that the rescission of a policy could not be challenged.

[Complaint at ¶ 46.] Part 1 of Subtitle B requires that the administrator of an employee benefit plan furnish a summary plan description to covered participants and each beneficiary receiving benefits under the plan. 29 U.S.C. § 1021(a)(1). A summary plan description must include information about, *inter alia*, "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits[.]" 29 U.S.C. § 1022(b). Thus, Count II alleges the failure to disclose information about the Plan which ERISA requires the plan administrator to disclose to participants and beneficiaries receiving benefits.

Plaintiffs' Count III (breach of fiduciary duty) alleges, *inter alia:*

56. HMAA owed Plaintiff Clareen a duty of loyalty and a duty of care commensurate with their relationship. HMAA encouraged Plaintiff to trust it and to maintain health insurance under the HMAA plan and to continue paying premiums.

57. HMAA breached its fiduciary duty to Plaintiff Clareen by concealing and otherwise failing to disclose material information to her, by placing the financial interests of HMAA above her interests and by failing to exercise due care in the administration and management of the HMAA health care plan including the actions of its agent, HWMG.

[Complaint at pg. 9.] Part 4 of Subtitle B provides, in pertinent part:

(a) Prudent man standard of care

 (1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

 (A) for the exclusive purpose of:

 (i) providing benefits to participants and their beneficiaries; and

 (ii) defraying reasonable expenses of administering the plan;

 (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the

conduct of an enterprise of a like character and with like aims[.]

. . . .

29 U.S.C. § 1104(a)(1). Thus, Count III alleges breaches of fiduciary duties that are governed by ERISA.

This Court concludes, for purposes of the instant Motion only, that some of the allegations in Count II and Count III of the Complaint are expressly preempted by ERISA pursuant to 29 U.S.C. § 1144(a) and are not subject to the exemption for the HPHCA.[5] This Court therefore CON-CLUDES, for purposes of the instant Motion only, that those claims are necessarily federal in nature and that Defendants' removal of the action based on federal question jurisdiction was proper. This Court emphasizes that the rulings in the instant Order are solely for the purpose of determining whether the Court has jurisdiction over the action. This Court expresses no opinion at this time on the issue whether Count II and Count III, or any of Plaintiffs' other claims, should be dismissed based on ERISA preemption.

### CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion to Remand to State Court, filed April 27, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

---

**5.** In light of this Court's ruling on express preemption, this Court need not address whether conflict preemption applies.